**Michael Lee WATKINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05-87-00157-CR.**

Court of Appeals of Texas, Dallas.

Nov. 6, 1987.

J. Thomas Sullivan, Mike McCollum, Dallas, for appellant.

Pamela Sullivan Berdanier, Dallas, for appellee.

Before STEPHENS, STEWART and BAKER, JJ.

BAKER, Justice.

After conviction for driving while intoxicated, Michael Lee Watkins is before this Court contending, in six points of error, that he is entitled to a reversal. We disagree and affirm the trial court's judgment.

This is the case of the peripatetic pronoun "his." This case, insofar as appellant views it, depends upon where he chooses to locate that pronoun. It is a will-of-the-wisp; darting here and there in the statute —the information—and the charge—appearing as the occasion arises to suit appellant's purposes in this appeal. We choose to ascribe a more sedentary character to that pronoun, anchoring it in its proper place as set out in article 19.05(c) of the Texas Penal Code by the Legislature and placing it in the same place in article 6701*l*–

**548**

1(a)(2)(A) of the Texas Civil Statutes Annotated.

Appellant's first point asserts that article 6701*l*–1(a)(2)(A) of the Texas Statutes is unconstitutionally vague because it relies on an imprecise understanding of the meaning of "normal use of mental or physical faculties" in establishing the State's burden of proof. He asserts that no reference is made to any objective or even subjective standard by which "normal use" is to be understood. Appellant recognizes that a similar contention to that which he raises here has been decided adversely to him by the Austin Court of Appeals in *Irion v. State*, 703 S.W.2d 362, 363–64 (Tex. App.—Austin 1986, no pet.). However, appellant asserts that the *Irion* Court's reasoning is flawed by an incorrect reading of the two statutory provisions under construction by that court. The *Irion* Court concluded that article 6701*l*–1(a)(2)(A) of the Civil Statutes uses the same definition of "intoxication" as found in section 19.05(b) of the Texas Penal Code, which defines intoxication for purposes of involuntary manslaughter prosecutions. [The Court of Criminal Appeals had previously concluded that section 19.05(b) is not unconstitutionally vague in *Parr v. State*, 575 S.W.2d 522 (Tex.Crim.App.1978).].

■ Appellant asserts that section 19.05(b) expressly couches the standard for intoxication by comparing the actor's state of sobriety with insobriety in terms of *his* normal use of mental or physical faculties. He argues the statutory language challenged here does not provide any standard for assessing the loss of mental or physical faculties. He asserts that the statute is wholly silent as to whether the loss relates specifically to the actor's normal use of *his* mental or physical faculties, or whether it requires a showing relating to a common-man or generalized standard. As noted initially, the pronoun "his" leaps from place to place dependent only upon the appellant's use in the scheme of his argument. We do not find the pronoun as elusive as we would be led to believe by the appellant and are thus unpersuaded by his argument.

It is, of course, axiomatic that a law must be sufficiently definite that its terms and provisions may be known, understood, and applied. An Act of the Legislature which violates either the United States or Texas Constitutions, or an Act that is so vague, indefinite, and uncertain as to be incapable of being understood, is void and unenforceable. A void law affords no basis for a criminal prosecution. *Ex parte Halsted*, 147 Tex.Cr.R. 453, 182 S.W.2d 479, 482 (1944). However, when an attack is mounted against the constitutionality of a statute on grounds that it is vague and overbroad, we must presume that the statute is valid and that the Legislature has not acted unreasonably or arbitrarily in enacting it. *See Ex parte Smith*, 441 S.W.2d 544 (Tex.Crim.App.1969). The burden rests on the individual who challenges the Act to establish its unconstitutionality. If the statute is capable of two constructions the courts will give it the interpretation that sustains its validity. *Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex.Crim. App.1978). An Act will not be declared unconstitutional unless the Legislature has clearly exceeded its power, and statutes should not be annulled by the courts merely because doubts may be suggested as to their constitutionality. *Granviel*, 561 S.W. 2d at 515. Appellant relies heavily on *Cotton v. State*, 686 S.W.2d 140 (Tex.Crim. App.1985). We find it readily distinguishable. We concur with the conclusions reached in the *Irion* case and reject appellant's contention that article 6701*l*–1(a)(2)(A) is unconstitutionally vague and overbroad. Appellant's first point is overruled.

■ Appellant next asserts in point number two that the evidence is insufficient to support his conviction based on the allegation that he lost the "normal" use of "his" mental or physical faculties as a result of introduction of alcohol into his body. Appellant observes that the State called as its only witness the arresting officer who testified that, in his opinion, the appellant was intoxicated when he observed him operating the vehicle, whereas appellant and his three witnesses are of the opinion that appellant was not intoxicated at that time.

Appellant thus contends that the defense evidence outweighs the State's evidence on the matter of his intoxication and, therefore, insufficient evidence exists to convict him for the offense charged. Sufficiency of the evidence is a question of law. The issue is not whether the defense evidence "outweighs" the State's evidence. *See Wicker v. State,* 667 S.W.2d 137, 143 (Tex. Crim.App.), *cert. denied,* 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984). The officer's testimony, standing alone, can be sufficient to prove the elements of intoxication. *Annis v. State,* 578 S.W.2d 406, 407 (Tex.Crim.App.1979).

The standard for reviewing the sufficiency of the evidence on appeal is to view the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Garrett v. State,* 682 S.W.2d 301, 304 (Tex.Crim.App.1984). To sustain a conviction for driving a motor vehicle while intoxicated, the evidence must show that the appellant drove the vehicle, that he drove while he was intoxicated, and that he drove in a public place. *Johnson v. State,* 517 S.W.2d 536, 538 (Tex.Crim.App.1975).

In the instant case, the arresting officer testified that he had been with the Dallas Police Department for three and one-half years and had made numerous D.W.I. arrests. Based on police training and experience with D.W.I. arrests he testified that he formulated the opinion that appellant was intoxicated. He based his opinion upon the appellant's general appearance, and the way he talked, smelled, drove and performed the sobriety tests given. He testified that on the night of June 28, 1985, he was driving on Greenville Avenue when appellant, who was operating a motorcycle, crossed over into his lane and came at his car head-on. The officer further testified that appellant was not attempting to pass another vehicle. The officer made a U-turn and stopped the appellant. Appellant told the officer that he had drunk two or three alcoholic drinks that evening and realized he was driving on the wrong side of the road after he passed the officer. The officer observed that appellant had bloodshot eyes, slightly slurred thick speech, and a moderate smell of alcohol on his breath. At this time the officer gave appellant three field sobriety tests, all of which appellant failed. The officer formulated the opinion under the foregoing circumstances that appellant was intoxicated at the time he was operating the vehicle. The jury as the trier of fact is the sole judge of the weight and credibility of the witnesses and may believe or disbelieve all or any part of any witnesses' testimony. *Williams v. State,* 692 S.W.2d 671, 676 (Tex.Crim.App. 1984). We hold, after viewing the evidence in the light most favorable to the verdict, that any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Point of error two is overruled.

In his third point of error, appellant contends that the information is fundamentally defective because it charges a theory of the offense not authorized by the statute under which appellant was convicted. Appellant was convicted under article 6701*l*–1 which reads in pertinent part that:

"(b) a person commits an offense if the person is intoxicated while driving or operating a motor vehicle in a public place."

TEX.REV.CIV.STAT.ANN. art. 6701*l*–1(b) (Vernon Supp.1987). The statute defines "intoxicated" as "not having the normal use of mental or physical faculties by reason of the introduction of alcohol ... into the body." *Id.* The information under which appellant was prosecuted alleged in part that appellant "did then and there drive and operate a motor vehicle in a public place in Dallas County, Texas to-wit: a street and highway, while intoxicated, in that the defendant did not have the normal use of *his mental and physical faculties* by reason of the introduction of alcohol into defendant's body...." [Emphasis added].

■ No motion to quash the information was filed in the trial court. Consequently, all but jurisdictional defects in the information have been waived. *Oliver v. State,* 692 S.W.2d 712, 714 (Tex.Crim.App.1985); *Seaton v. State,* 564 S.W.2d 721, 726 (Tex. Crim.App.1978); *American Plant Food*

*Corp. v. State,* 508 S.W.2d 598, 603 (Tex. Crim.App.1974). If an information fails to allege each and every element of an offense, this failure is a jurisdictional defect and constitutes fundamental error. *Terry v. State,* 517 S.W.2d 554 (Tex.Crim.App. 1975). Accordingly, when examining an information for fundamental error, the test is whether the State's pleadings allege an offense against the law. *Oliver,* 692 S.W.2d at 714. If the information alleges that the defendant committed an offense, then it will be sufficient in law to support a verdict of guilty. However, if the defect is of such a degree as to charge no offense against the law, only then will the information be fundamentally defective and subject to review for the first time on appeal. *Seaton,* 564 S.W.2d at 726. Furthermore, subject to rare exceptions, an information that tracks the language of the statute in question is legally sufficient. *McElroy v. State,* 720 S.W.2d 490, 492 (Tex.Crim.App. 1986); *Lewis v. State,* 659 S.W.2d 429, 431 (Tex.Crim.App.1983). In fact, article 21.17 of the Texas Code of Criminal Procedure provides:

> "words used in a statute to define an offense need not be strictly pursued in the [information]; it is sufficient to use other words conveying the same meaning, or which include the sense of the statutory words."

Therefore, if there is no material difference between the language of the statute and the language of the information, an information that alleges all of the requisite elements of the particular offense in question will not be deficient simply because it fails to precisely track the language of the statute. *Oliver,* 692 S.W.2d at 714.

■ The issue then becomes whether this information, when read as a whole, sufficiently charges the offense of Driving While Intoxicated. The will-of-the-wisp peripatetic pronoun "his" is back in contention because appellant argues that the inclusion of the word "his" in the information, which is not found in the statute, describes the phrase "the normal use of mental and physical faculties" and renders the information fundamentally defective because it lessens the State's burden of

proof, expands the statutory definition of the offense, and allows for a conviction based on a theory not authorized by the statute. We disagree. The possessive pronoun "his" as used in the information modifies "faculties," not "normal use." The word merely signifies that the faculties in question are the appellant's and, as such, is a permissible means of conveying the same meaning contained in the gravamen of the statute. Its inclusion does not create a material difference between the language of the statute and the allegations contained in the information. *Compare Ross v. State,* 594 S.W.2d 100 (Tex.Crim.App.1980).

When read as a whole, the information alleges that the appellant operated a motor vehicle on a public road while intoxicated in that he "did not have the normal use of *his mental and physical faculties* by reason of the introduction of alcohol" into his body. [Emphasis added]. Accordingly, we hold that this information is sufficient to charge the offense of driving while intoxicated because it alleges every element of that offense. Therefore, the information is not fundamentally defective. Appellant's third point of error is overruled.

In his fourth point, appellant makes a similar argument with respect to the instructions the trial court gave in the jury charge and once more we find the peripatetic pronoun darting into contention. He argues that, in defining "intoxication" and setting out the means by which appellant committed the offense, the trial court erred in placing the possessive pronoun "his" before "mental and physical faculties." He contends that this deviation from the strict language of art. 6701*l*–1(a)(2)(A) lowered the State's burden of proof by allowing it to prove appellant's intoxication by showing a departure from his own driving skills, rather than from those of the general driving public. Having raised no objection at trial, he claims that he was egregiously harmed by the wording of the instructions such that a reversal is required under *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim. App.1984).

Appellant's point has no merit. The language of the jury charge simply tracks the wording of the information in defining "intoxication" and in applying the law to the facts. Therefore, we overrule this point of error for the same reasons we articulated in overruling the third point. That is, no material difference exists between the language of the statute and the wording of the instruction. The word "his" merely signifies that the faculties in question are appellant's. In our view, it is highly unlikely that the jury gleaned from the instructions, as appellant suggests, that they were to determine appellant's level of intoxication based on a subjective rather than an objective standard. No error having been demonstrated in the jury charge, we do not reach an *Almanza* analysis.

In his fifth point, appellant contends that the trial court erred in instructing the jury disjunctively respecting the elements the State was required to prove upon assuming the burden of proof that appellant lost his mental *and* physical faculties as charged in the information. The information under which he was prosecuted charged appellant with operating a motor vehicle in a public place when he:

... did not have the normal use of his mental *and* physical faculties by reason of the introduction of alcohol into defendant's body.

The trial court charged the jury in the application paragraph disjunctively, authorizing the jury to convict if it found:

... that the defendant did not have the normal use of his mental *or* physical faculties by reason of the introduction of alcohol into the defendant's body.

Appellant argues that the disjunctive charge could result in his conviction on less than a unanimous verdict because the jury might split on a finding as to whether he had, indeed, lost his mental or physical faculties. The Court of Criminal Appeals has previously decided this precise issue adversely to appellant. *Garrett*, 682 S.W. 2d at 309; *Brantley v. State*, 522 S.W.2d 519, 525 (Tex.Crim.App.1975). Point number five is overruled.

In his final point of error, appellant contends that the trial court abused its discretion in permitting the arresting officer to give an expert opinion regarding appellant's level of intoxication. During the State's case in chief the prosecutor asked the arresting officer to characterize appellant's level of intoxication, predicating the answer on the officer's "training and experience." The officer answered the question by stating that, in his experience, on a scale from one to ten, with "one" being sober and "ten" being passed out, appellant's level of intoxication was a five or six. The record reflects that the specific objection made to the response was that it was bolstering. On appeal appellant contends the error committed was permitting the witness to testify about a scale of intoxication without first requiring the State to show the existence of such a scale accepted by experts in the field of intoxication. The error presented on appeal must comport with the objection raised at trial. *Paster v. State*, 701 S.W.2d 843, 846 (Tex.Crim.App.1985), *cert. denied*, 475 U.S. 1031, 106 S.Ct. 1240, 89 L.Ed.2d 348 (1986); *Gauldin v. State*, 683 S.W.2d 411, 413 (Tex.Crim.App.1984). Since the objection made at trial was not the same as urged on appeal, appellant has not properly preserved his argument for review. *Hodge v. State*, 631 S.W.2d 754, 757 (Tex.Crim.App. 1982). Point number six is overruled.

The trial court's judgment is affirmed.