Glenn LEWIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–87–245–CR.

Court of Appeals of Texas,
Corpus Christi.

May 18, 1989.

Nate Rhodes, Corpus Christi, for appellant.

Carlos Valdez, County Atty., Corpus Christi, for appellee.

Before SEERDEN, UTTER and KENNEDY, JJ.

## OPINION

SEERDEN, Justice.

A jury found appellant guilty of driving and operating a motor vehicle in a public place while intoxicated, and the trial court assessed punishment at 90 days' imprisonment, probated for 12 months, and a fine of $700 plus costs. Appellant raises four points of error. We affirm the trial court's judgment.

By point one, appellant asserts that Tex. Rev.Civ.Stat.Ann. art. 6701*l*–1, § (a)(2)(A) (Vernon Supp.1989) is unconstitutionally vague. Appellant argues that the statute does not give notice of which substances are prohibited, specifically mentioning prescription and over-the-counter drugs.

■ A statute is void for vagueness if it fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute and if it encourages arbitrary and erratic arrests and convictions. *Papachristou v. City of Jacksonville*, 405 U.S. 156, 162, 92 S.Ct. 839, 843, 31 L.Ed.2d 110 (1972); *Cotton v. State*, 686 S.W.2d 140, 141 (Tex.Crim.App. 1985); *Parr v. State*, 575 S.W.2d 522, 525 (Tex.Crim.App.1978). With respect to the specificity of its definition, this statute is like the one held constitutional against a similar challenge in *Parr*. The Court explained that the statute prohibited a specific type of conduct, in that case, operating a motor vehicle when one does not have the normal use of his mental and physical faculties and the conduct causes the death of an individual. *Id.* at 525–26. Similarly, our statute does not focus on what substance is introduced into the body, but the conduct, while being intoxicated, of driving and operating a motor vehicle in a public place. *Id.* at 526 We hold that the statute is not void for vagueness. *See also Wat-*

*kins v. State*, 741 S.W.2d 546, 548 (Tex. App.—Dallas 1987, pet. ref'd). We overrule point one.

■ Appellant's second point complains that the trial court erred in refusing to grant his motion to quash the information. The information alleged that appellant, on or about August 28, 1986, "did then and there while intoxicated, drive and operate a motor vehicle in a public place." On appeal, appellant urges that the information fails to allege how appellant was intoxicated, since several possibilities exist under Tex.Rev.Civ.Stat.Ann. art. 6701*l*–1, § (a)(2)(A) (Vernon Supp.1989), relying on *Garcia v. State*, 747 S.W.2d 379, 381 (Tex. Crim.App.1988). Under *Garcia*, if a defendant is charged under § (a)(2)(A) the State must, upon timely motion, allege the intoxicant singularly, or in disjunctive combination.

We have examined the Motion to Quash to see if appellant properly presented the complaint to the trial court. The Motion to Quash alleges that the information is vague, indefinite, and uncertain for two reasons: 1) it fails to state how the defendant was intoxicated and 2) it fails to designate what is meant by a "public place." The trial court denied the motion.

Appellant's Motion to Quash fails to distinguish whether he sought the State to specify whether he was charged under § (a)(2)(A) or § (a)(2)(B), or whether he sought the State to specify the substance it alleged caused the intoxication. Because the record does not show a ruling on the precise question of which intoxicant the State alleged, error was not preserved. *See Jones v. State*, 672 S.W.2d 798, 800 (Tex.Crim.App.1984).

■ Moreover, defects of form do not render a charging instrument defective unless they prejudice a defendant's substantial rights. Tex.Code Crim.Proc.Ann. art. 21.19 (Vernon 1989). Assuming that the information failed to give adequate notice, we would next determine whether the defect affected appellant's ability to prepare a defense and the magnitude of any harm. *Garcia*, 747 S.W.2d at 381, n. 4; *Adams v.*

*State,* 707 S.W.2d 900, 903 (Tex.Crim.App. 1986); *Leach v. State,* 770 S.W.2d 903 (Tex. App.—Corpus Christi 1989); *Ray v. State,* 749 S.W.2d 939, 942 (Tex.App.—San Antonio 1988, pet. ref'd); Tex.Code Crim.Proc. Ann. art. 21.19 (Vernon 1989).

Appellant filed a motion to suppress evidence, seeking to exclude testimony about his state of intoxication, all oral or written statements he made after his arrest, and all physical evidence seized. He also filed a motion to suppress a videotape made on the date of his arrest. Appellant's refusal to take a breath test is in the record, and nothing indicates the administration of any other chemical tests. Thus, it was obvious that the State would attempt to prove that appellant's faculties were impaired by consumption of alcohol, under § (a)(2)(A). We have examined the entire record and conclude that any deficiency in the information could not have affected appellant's ability to prepare a defense. We overrule point two.

▆▆ By point three, appellant claims the trial court erred in not limiting the charge to intoxication by alcohol only. Since appellant did not object to the charge, he can obtain reversal only if any error is so egregious and created such harm that he has not had a fair and impartial trial. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim. App.1984) (on rehearing). We examine the whole record in assaying any harm. *Id.*

▆▆ The charge defined "intoxicated" as "not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, or a combination of two or more of these substances into the body," tracking the language of § (a)(2)(A).

Appellant admitted that he drank two beers at a friend's, then went to a club, where he and his companions ordered one round of beer. He testified that he did not feel intoxicated. Most of the trial involved appellant's mannerisms and actions after he left the club, driving. The arresting officer testified to the way appellant drove, that he swayed when he walked to the back of his car, that his speech was slurred, and

that he could not perform field sobriety tests. Additionally, the jury viewed a videotape. Appellant and his witness testified that he was not drunk. Appellant testified that his performance on a heel-to-toe test was affected by his wearing cowboy boots, when he was used to loafers.

The particular substance which intoxicated appellant is irrelevant to whether he had the normal use of his faculties. Appellant did not base his defense on having used one substance rather than another. We overrule point three.

▆▆ By his fourth point, appellant claims that during final argument, the County Attorney asked the jury to disregard the charge. The charge instructed that an officer may detain defendant "if officer has reasonable suspicion that some activity out of the ordinary is or has occurred, some suggestion to connect detainee with the unusual activity and some indication that activity is related to crime." The charge also stated that an officer must have a reasonable suspicion to stop a moving vehicle. In this case, the only reason was the fact that appellant "was supposedly weaving, stopping, *and* driving too slowly in the street. On the other hand, the Defendant and his witness testified that the Defendant operated his vehicle properly on the occasion in question." (emphasis added). The charge further instructed that if the jury was not satisfied beyond a reasonable doubt that the defendant drove as the officers testified, it must find him not guilty.

During argument, the prosecutor at first told the jurors that they could find "any" of the unusual driving activities, which were that the defendant weaved, stopped, or made an improper lane change. Appellant's attorney objected, and after a brief discussion, the prosecutor stated the law and began to enumerate activities out of the ordinary. Again appellant's attorney objected, and the court held a short discussion with the attorneys out of the presence of the jury. Appellant's attorney explained that under the charge, all three of the enumerated activities had to be found, and not other activities. The trial court agreed

and asked the prosecutor to stay within the charge. Again, the prosecutor recited the law and named the activities. Appellant's attorney objected, and the trial court instructed him not to change the charge, but made no ruling.

Thereafter, the prosecutor argued, "That's what you have to find that as stated here, some activity out of the ordinary is or has occurred. That's the definition of reasonable suspicion that the Court has given you, and the officers have testified that there was weaving, stopping, and driving too slowly in the street." No objection was lodged, and the prosecutor continued to argue.

Under Tex.R.App.P. 52(a), a party must obtain a ruling to preserve a complaint for appellate review. Appellant has failed to do so. Moreover, the prosecutor corrected any misstatements by reading from the charge after the trial court corrected him. We overrule point four.

We AFFIRM the trial court's judgment.