The STATE of Texas, Appellant,

v.

Homer CARTER, Appellee.

No. A14–88–1033–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 7, 1989.

Richard A. Dawson, Richmond, for appellant.

Logene Foster, Sugar Land, for appellee.

Before J. CURTISS BROWN, C.J.,
and JUNELL and DRAUGHN, JJ.

OPINION

DRAUGHN, Justice.

The State of Texas appeals from the trial court's order granting appellee's motion to quash the state's information; and in doing so, it raises another variation of the issue as to what degree of specificity is required to allege the offense of driving while intoxicated so as to provide a defendant with sufficient notice of that offense under TEX. REV.CIV.STAT.ANN. art. 6701*l* –1(b).

The state's information in this case alleged that appellee did "unlawfully while intoxicated, drive and operate a motor vehicle in a public place, to wit: a public road and highway." The trial court granted appellee's motion to quash this information on the grounds that the state had failed to provide appellee with adequate notice of the charged offense. The court, in effect, ruled that the state must allege both of the two definitions of "intoxicated" contained in the statute, which are, that he did not have the normal use of his mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, or a combination of two or more of those substances into his body; or that he had an alcohol concentration of 0.10 or more. TEX. REV.CIV.STAT.ANN. art. 6701*l* –1(a)(2)(A), (B) (Vernon Supp.1989).

The only relevant facts are that appellee Carter was arrested for driving while intoxicated. At the police station, he admitted during a video interview that he had ingested some pills, but did not indicate in any manner what type they were. He also submitted to a breath test which resulted in a 0.12 reading. The information, previ-

ously referred to, was subsequently filed against him.

During the hearing on his motion to quash the information, the prosecutor testified that the state wished to proceed against the appellee on the basis of the results from the breathalyzer test. When asked by the Court if the state would amend its information so as to plead both definitions of intoxication, the state indicated that it would not because it did not plan to use a combination of alcohol and drugs to support its information. Specifically, the state's representative said:

"... We don't plan to use any combination of drugs or alcohol in our case in chief, just the breath test." .

The state, however, refused to waive any rebuttal testimony involving drugs because it lacked knowledge as to what testimony the appellee might offer if he took the stand. The trial court then granted the motion to quash the information on the grounds that the state had failed to provide appellee with adequate notice of the charged offense.

The state asserts on appeal that the trial court abused its discretion in quashing the information because (1) intoxication is neither an act nor the gravamen of the offense of driving while intoxicated, and the definition of intoxicated is merely a matter of proof which the state need not allege; and (2) the D.W.I. statute is not unconstitutionally vague.

The state argues under its first point that being "intoxicated" under the D.W.I. statute is not an act or conduct but a condition. The definition of intoxicated is, therefore, merely a matter of proof which it need not allege in its charging instrument. The state concedes that the courts of appeals are split on the issue of whether intoxication constitutes an act requiring the definition to be pled or a condition and thereby simply a matter of proof which need not be pled. Intoxication as a condition is reflected in the following cases:

*McGinty v. State*, 740 S.W.2d 475 (Tex. App.—Houston [1st Dist.] 1987, pet. ref'd); *Gowin v. State*, 760 S.W.2d 672 (Tex.App. —Tyler 1988, no pet.); *Barraza v. State*, 733 S.W.2d 379 (Tex.App.—Corpus Christi 1987, pet. granted).

Other courts subscribe to the act or conduct theory of intoxication and require that the state plead the definition of intoxication on which they are relying. *Russell v. State*, 710 S.W.2d 662 (Tex.App.—Austin 1986, pet. ref'd); *Walker v. State*, 751 S.W.2d 268 (Tex.App.—San Antonio 1988, no pet.); *Solis v. State*, 742 S.W.2d 873 (Tex.App.—San Antonio 1987, pet. ref'd); *Leach v. State*, 770 S.W.2d 903 (Tex.App.— Corpus Christi May, 1989).

While we generally agree that intoxication is a condition rather than an act, we must defer to the Court of Criminal Appeals as to the pleading requirements concerning the definition of intoxication in the D.W.I. statute. *Garcia v. State*, 747 S.W.2d 379 (Tex.Crim.App.1988). In *Garcia*, the Court of Criminal Appeals held that when a charging instrument alleges an offense under the D.W.I. statute with intoxication defined under art. 6701*l* –1(a)(2)(A) it must allege the intoxicant singularly, or in "disjunctive" combination.[1] *Garcia* at 381. In other words, when the state seeks to proceed on the basis that the defendant has lost the normal use of his mental and physical faculties due to the ingestion of alcohol, a controlled substance, a drug, or a combination, it must allege the intoxicant singularly or in disjunctive combination. The Court in laying down the distinction between those definitions that must be pled and those that need not be, stated:

"... if a statute includes multiple definitions, the specific definition to be relied on by the state does not have to be pled unless it involves an act or omission of the appellant." *Id.*

---

1. The use of the term "disjunctive" by the Court of Criminal Appeals in *Garcia* is misleading, in view of the rule that where a statute sets forth several ways by which an offense may be committed, they may be alleged conjunctively in one count in the information. *Sidney v. State*, 560 S.W.2d 679, 681 (Tex.Crim.App.1978); *State v. Alaniz*, 754 S.W.2d 406, 407 (Tex.App.—Corpus Christi, 1988, no pet.).

The state, however, views *Garcia* as standing for the limited conclusion that when the state pleads part of a definition, it must plead the whole definition when challenged. The appellee, on the other hand, views *Garcia* as standing for the proposition that the state must plead one or the other of the two definitions (or presumably both, if appropriate) but that it cannot survive a motion to quash if it pleads only that the defendant did unlawfully drive while intoxicated in a public place. We agree with neither position.

■ We view *Garcia* as holding that if the state intends to proceed against a defendant under sec. 1(a)(2)(A) of the D.W.I. statute on the basis that the defendant was intoxicated because he had lost the use of his mental and physical faculties due to the ingestion of alcohol, a controlled substance, a drug, or a combination thereof, it must name the intoxicant or combination thereof in the charging instrument. Otherwise, the defendant does not have proper notice of the charge against him.

However, we do not perceive *Garcia* as holding that if the state is proceeding under sec. 1(a)(2)(B) of the D.W.I. statute that the defendant was intoxicated because he had an alcohol concentration of 0.10 percent or more, it must also allege that definition. If that was the intent of *Garcia*, it is not clear from the opinion. What is clear is that this definition of intoxication is just that, a definition. It does not involve an act or omission of the defendant as set out in the previously quoted language from *Garcia*. Nor does it leave any doubt as to the intoxicant involved. Only alcohol is implicated in this definition. It is a condition capable of measurement, a matter of proof and need not be alleged in the charging instrument. From our perspective, no amount of verbal posturing can make this definition into an act or omission. Nor is it the offense involved. The offense involved is not about consuming alcohol until one has an alcohol concentration of 0.10. The offense is operating a motor vehicle while in that condition. It is one definition of an element of the offense and a matter of proof. It need not be alleged in the charg-

ing instrument because it is a definition complete within itself that provides sufficient notice as to the intoxicant.

■ As applied to this case, we conclude the state's allegation that the appellee "did unlawfully while intoxicated, drive and operate a motor vehicle in a public place: to wit, a public road and highway" was sufficient to put appellee on notice that the state was proceeding under the alcohol-concentration definition of intoxication in the statute. There was no other option as the state under *Garcia* was required to plead the other definition contained in the statute if it was proceeding on the basis of physical behavior and ingestion of intoxicants as set out in that definition. Once the state advised the trial court at the hearing on the motion to quash that it was proceeding on the basis of the breath test, that should have concluded the matter. The state was limited to the alcohol-concentration definition and the appellee was on complete notice as to the intoxicant and the manner of proof. The fact that the state would not agree to waive any rebuttal testimony regarding drugs because it did not know what the defendant might testify to in that regard is not critical to the question of adequate notice. Under our interpretation of *Garcia*, the state was committed by its allegations in the information to proceed only on the basis of the 0.10 alcohol-concentration definition. Any evidentiary questions regarding drugs on rebuttal could have been properly dealt with at trial by the court. Under the facts of this case, we find no harm resulting to the appellee. The state's point of error in this regard is sustained.

■ In his second point of error, appellant asserts that the trial court abused its discretion in granting appellee's motion to quash the information on the ground that TEX.REV.CIV.STAT.ANN. art. 6701*l*–1(b) is unconstitutionally vague. The state asserts that the statute is not vague either facially or as applied to appellee. Article 6701*l*–1(b) has been held to be valid under such challenges. *Watkins v. State,* 741 S.W.2d 546, 548 (Tex.App.—Dallas 1987, pet. ref'd); *Schultz v. State,* 725 S.W.2d 411, 413 (Tex.

App.—Houston [1st Dist.] 1987), *aff'd*, 771 S.W.2d 549 (Tex.Crim.App.1989). We sustain appellant's second point of error.

Accordingly, we reverse the order of the trial court, remand the cause, and order the trial court to reinstate the information.

