James SULLIVAN, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–90–029–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 7, 1991.

Logene Foster, Sugar Land, for appellant.

Cathleen C. Herasimchuk, Richmond, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## MAJORITY OPINION

ROBERTSON, Justice.

Appellant was charged by information with the offense of driving while intoxicated. After a plea of not guilty was entered, both sides proceeded to trial before a jury. The appellant was found guilty and punishment was assessed by the court at 180 days, probated for two years and a fine of $1000, a portion of which was also probated. Issues on appeal concern a claim of double jeopardy, sufficiency of the information and failure of the court to grant appellant's motion to quash, admission of evidence claimed to be of appellant's post-arrest silence, failure to charge on the right to arrest, claimed error in the jury charge on the definition of intoxication and its application to the facts, and failure of the court to submit separate verdict forms requiring the jury to specify their findings on the evidence. We affirm.

Appellant does not challenge the sufficiency of the evidence; therefore there is no reason to detail it. We will note, however, that appellant was stopped by a uniformed officer, who was dispatched in response to a call by a plain clothes officer, after the plain clothes officer had observed appellant's erratic driving over a distance of several miles. Appellant did not submit to a chemical test for alcohol. The information alleged that appellant did "while intoxicated, drive and operate a motor vehicle in a public place, to-wit: a public road and highway."

In his first two points of error appellant contends the trial court erred in failing to grant his motion to terminate the prosecution when the state rested its case because

appellant was subjected to double jeopardy. The state's evidence showed that appellant refused to submit to a chemical test to determine intoxication, and the information did not allege that appellant was intoxicated because he had an alcohol concentration which indicated intoxication. However, when the state rested, appellant requested "the Court grant a directed verdict of not guilty in regard to the .10 percent." After further discussion, the appellant continued to press the court for a ruling on his motion, and the following occurred:

> The Court: As far as the defendant's motion is concerned to the .10, I will grant it. As far as the balance of the motion is concerned it is denied.
>
> Mr. Foster (defense counsel): You find him not guilty of .10 then, is that correct?
>
> The Court: Well, it won't be in the charge.
>
> Mr. Foster: I want a directed verdict of not guilty on that part.
>
> The Court: I will direct as far as .10 is concerned.

Appellant then requested a verdict of not guilty "because there has been double jeopardy attached by the .10" and "he cannot be tried for the offense of loss of normal use of his mental and physical faculties."

■ Consistent with his position before the trial court, appellant argues "under the Driving While Intoxicated Statute there are two (2) distinct statutory provisions charging two (2) offenses," and that when he was found not guilty of one of the offenses he could not be tried for the other. Appellant's basic proposition that the statutory definition of intoxication creates two separate offenses of driving while intoxicated is erroneous. "It simply supplies the prosecution with two modes of proof of the state or condition of intoxication." *Forte v. State*, 707 S.W.2d 89 (Tex.Crim.App. 1986); *Gowin v. State*, 760 S.W.2d 672 (Tex.App.—Tyler 1988, no pet.); *Sims v. State*, 735 S.W.2d 913 (Tex.App.—Dallas 1987, pet. ref'd). The state is never required to prove that the accused has violated a penal statute in every one of multiple modes, as any one is sufficient to support a

conviction. *Vasquez v. State*, 665 S.W.2d 484 (Tex.Crim.App.1984); *Reardon v. State*, 695 S.W.2d 331 (Tex.App.—Houston [1st Dist.] 1985, no pet.). We agree with the state that appellant has not advanced any plausible theory as to how or why the double jeopardy clause could or should apply to the facts of this case. We find appellant's position untenable and overrule his first two points.

In his third, fourth and fifth points of error, appellant contends that the trial court erred in refusing to grant his motion to quash the information. He argues that in the face of a motion to quash: (1) a pleading which tracks the statutory language of the offense of driving while intoxicated is insufficient to give notice of the offense he is alleged to have committed; (2) the state must allege in the information on which of the two statutory definitions of intoxication it will rely—the 0.10 alcohol concentration or the loss of the normal use of mental and physical faculties; and (3) the state must allege in the information whether it will rely upon proof of intoxication by reason of alcohol, a controlled substance, a drug, or a combination of these substances.

■ Concerning appellant's first argument it seems clear that the court of criminal appeals is committed to the proposition that a charging instrument which tracks the language of the statute in question is sufficient except in those instances where the statute proscribing the offense provides more than one definition of the manner and means of committing the act or omission defined by the statute. *Thomas v. State*, 621 S.W.2d 158 (Tex.Crim.App 1980); *Ferguson v. State*, 622 S.W.2d 846 (Tex.Crim.App 1980). And in attempting to align *Thomas* and *Ferguson*, the court in *Garcia v. State*, 747 S.W.2d 379 (Tex.Crim. App.1988) stated:

> Thus, the distinction between *Ferguson* and *Thomas* is that if a statute includes multiple definitions, the specific definition to be relied on by the State does not have to be pled unless it involves an *act or omission* of the appellant.

We have previously held that intoxication is a condition, *State v. Carter,* 780 S.W.2d 811 (Tex.App.—Houston [14th Dist.] 1989, pet. granted), and we adhere to that ruling. It simply cannot be said that the gravamen of the offense of driving while intoxicated is the status of being intoxicated. Rather the offense is the act of *driving* while in that status and it matters not whether the status is caused by alcohol, drugs or a controlled substance. Five of our sister courts have likewise concluded that intoxication is a condition. *McGinty v. State,* 740 S.W.2d 475, 477 (Tex.App.—Houston [1st Dist.] 1987, pet. ref'd); *Sims,* 735 S.W.2d 913; *Gowin,* 760 S.W.2d at 674–75 (Tex.App.—Tyler 1988, no pet.); *Collins v. State,* 762 S.W.2d 670, 672 (Tex.App.—Tyler 1988, no pet.); *Gaudin v. State,* 703 S.W.2d 789, 790–91 (Tex.App.—Waco 1985, pet. ref'd); *Barraza v. State,* 733 S.W.2d 379, 381–82 (Tex.App.—Corpus Christi 1987), *aff'd,* 790 S.W.2d 654 (Tex.Crim.App. 1990); *Lewis v. State,* 771 S.W.2d 666, 667 (Tex.App.—Corpus Christi 1989, pet. ref'd). We therefore hold that the pleading in this case was sufficient to give notice of the offense.

■ What we have said above disposes of appellant's second argument that the information was deficient for failure to allege on which of the two statutory definitions of intoxication it would rely—the 0.10 alcohol concentration or the loss of normal use of physical faculties. As stated by the court of criminal appeals in *Solis v. State,* 787 S.W.2d 388, 391 (Tex.Crim.App.1990), "a charging instrument must allege which statutory definition upon which it will rely, only when the alternative definitions create different ways in which a *defendant's conduct* could constitute an element of an offense." Whether the accused is intoxicated because he has 0.10 alcohol concentration or whether he has lost the normal use of his physical faculties cannot and does not depend upon his *conduct.* Rather it merely addresses different avenues of proof upon which the state may rely to prove intoxication. *Id.* at 390–91. Finally, appellant argues that the information was defective for failure to allege whether the state would rely upon proof of intoxication by

reason of alcohol, a controlled substance, a drug or a combination of these substances. Since we have already held that intoxication is a condition and not an act, the same reasoning applies and need not be repeated.

■ We realize that the court of criminal appeals appears to be having difficulty in settling what appears to us to be, from our above discussion, a rather simple problem. Realizing further that a majority of that court may determine that intoxication is an act and not a condition and that it was therefore error to deny appellant's motion to quash, we will examine the record before us to determine whether the denial of the motion to quash adversely affected appellant's preparation of his defense. *Adams v. State,* 707 S.W.2d 900 (Tex.Crim. App.1986).

There was a hearing on appellant's motion to quash the information almost six months prior to trial. Appellant's counsel informed the trial judge that there was no test and stated "If they intend to show intoxication by any other means than alcohol, I think they should allege it and let me know in the information." The prosecutor stated to the judge that appellant had access to the state's file, had reviewed it and that "we don't have any other information other than alcohol that caused this defendant to become intoxicated (sic) to drive." Appellant's counsel then stated "based upon that assertion to you, Judge, I ask that you quash the information and make them allege only alcohol so we would be prepared to try only on alcohol." The prosecutor responded that "I don't know what the evidence will show at this time. I anticipate that it will be only alcohol, but other evidence may crop up at that time." Appellant's counsel then responded "That's what bothers me. It might crop up in the middle of the trial and the pleading is to give me notice so I can bring a chemist for alcohol, drugs, or whatever...." Lo and behold, wouldn't you know that it did crop up during trial—but not through state's counsel. Appellant's counsel first developed the evidence that appellant told the officer he could not perform the "balance

test" because "he had been taking some kind of medication," although unnamed. Finally, when appellant testified in his own behalf, he stated he had taken "Dristan or one of those capsules." On rebuttal the state called a pharmacist who testified that the effects of mixing Dristan and any type alcoholic beverage is that "you wind up with a synergistic effect which basically it's that you have a greater effect from the antihistamine and the alcohol than you will have from either one of the two taken separately, but when you combine them, you get a cumulative effect which increases it." Appellant has not articulated any plausible basis for harm he suffered as a result of the failure to quash the information, and our examination of the entire record convinces us that if the court erred in failing to grant the motion to quash such error was harmless beyond a reasonable doubt. *See: Lewis*, 771 S.W.2d at 667; *Ray v. State*, 749 S.W.2d 939 (Tex.App.— San Antonio 1988, pet. ref'd); *Gowin*, 760 S.W.2d 672. Appellant's third, fourth and fifth points are overruled.

In his sixth point of error, the appellant contends that the trial court erred in permitting evidence of appellant's post-arrest silence. On direct examination of Sergeant Russek, the prosecutor developed the fact that as soon as appellant was stopped, he obtained appellant's driver's license and informed appellant he had stopped him because he was weaving on the road. The prosecutor then asked "Did he offer any reason why he was weaving on the road?" Objection was made, the jury was retired and the matter was pursued in their absence. However, when the jury returned, the question was never answered. As the officer proceeded with the field sobriety tests to determine if appellant was intoxicated, he had appellant perform the "leg lift test." Appellant lost his balance and almost fell. The prosecutor asked: "Did he ever tell you he had any type of physical handicap?" Appellant's objection was overruled and the officer answered "No, he never indicated any physical handicap." The officer was then asked about appellant's ability to recite the alphabet and stated he could not proceed past the letter

"G." The officer was then asked "Did the defendant ever tell you he in fact never learned his ABC's or couldn't recite them," and over appellant's objection answered "No, not at that time, no."

Roadside questioning of one who is stopped for investigation of driving while intoxicated is not "in custody" interrogation for purposes of Miranda warnings, *Pennsylvania v. Bruder*, 488 U.S. 9, 109 S.Ct. 205, 102 L.Ed.2d 172 (1988), and the accused is not entitled to such warnings until after he has failed the field sobriety test. *Berkemer v. McCarty*, 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984). It is clear from this record that appellant was not under arrest at the time the questions were asked to which he failed to give an explanation. His pre-arrest silence was a constitutionally permissible area of inquiry. *Waldo v. State*, 746 S.W.2d 750 (Tex.Crim. App.1988). Appellant's sixth point is overruled.

In his seventh point of error appellant contends the trial court erred in refusing to instruct the jury on "the law regarding probable cause and reasonable suspicion to stop." Such a charge was not required because there were no disputed facts which formed the basis of the investigative stop of appellant. Appellant relies upon his testimony that he *did not recall* the erratic driving testified to by the officer as the basis for the stop. This was insufficient to raise a factual issue. *See Murphy v. State*, 640 S.W.2d 297 (Tex. Crim.App 1982). Appellant's seventh point is overruled.

In his eighth and ninth points of error, appellant contends the trial court erred in instructing the jury that they could find him guilty "if they had found that he had lost the normal use of his mental and physical faculties because of drugs or the combination of drugs" because there was "no evidence" or "insufficient evidence" to support a jury verdict on the issue.

First, the trial judge did not instruct the jury that they could find appellant guilty if he had lost the normal use of his mental and physical faculties because of drugs.

In defining intoxication, the charge stated: "You are further instructed that 'intoxicated' means not having the normal use of mental and physical faculties by reason of the introduction of alcohol, a drug, or a combination of those substances into the body." In applying the law to the facts, however, the charge did not refer to drugs, but only required the jury to find beyond a reasonable doubt that appellant was intoxicated. In *Heard v. State*, 665 S.W.2d 488 (Tex.Crim.App 1984), the court held that where the evidence showed that the accused had taken medication and a doctor testified to the synergistic effects of alcohol and drugs, the trial judge properly charged the jury that they could find the defendant guilty if his intoxication was due to liquor alone or a combination of liquor and drugs. In this case, appellant explained to the arresting officer that he could not stand on one foot because he was on medication. While he explained at trial that he had had only one pill early that morning and the testimony of the pharmacist was that the effects of the pill would have worn off within some four hours or so, we fail to understand how this would preclude the court from instructing the jury on the definition of intoxication as he did. The jury was not bound to accept appellant's testimony that he had not taken another pill since the early morning. The particular substance which intoxicated appellant is irrelevant to whether he had the normal use of his faculties. *Lewis, supra.* Appellant's ninth point is overruled.

Finally, in his tenth point of error appellant contends the court erred in not submitting separate jury verdict forms so that the jury could specify whether appellant had lost the normal use of his faculties because of alcohol, or drugs or a combination. The basis for this contention is that there are "two separate and distinct DWI offenses." We have rejected this contention earlier in this opinion. Appellant's tenth point is overruled.

The judgment is affirmed.

DRAUGHN, Justice, concurring.

I concur in all of the majority opinion except its conclusion that the State need not allege the intoxicant in the charging instrument for a D.W.I. case. Since our opinion in *State v. Carter*, 780 S.W.2d 811 (Tex.App.—Houston [14th Dist.] 1989, pet. granted), the court of criminal appeals has made its position clear that D.W.I. charging instruments which omit the requisite intoxicant are vulnerable to a timely motion to quash because they do not provide sufficient notice to the defendant. *Solis v. State*, 787 S.W.2d 388 (Tex.Crim. App.1990). In *Solis*, the court referred to its earlier decision in *Garcia v. State*, 747 S.W.2d 379 (Tex.Crim.App.1988).

I view the *Solis* opinion as a clear mandate by the court of criminal appeals that the charging instruments in D.W.I. cases are a rare exception to the general rule that such instruments which track the words of the applicable penal statute are legally sufficient. *Solis*, 787 S.W.2d at 390. The court of criminal appeals has determined that the *definition* of "intoxicated" in the D.W.I. statute constitutes conduct and is to be considered an element of the offense insofar as the following is concerned: "introduction of alcohol, a controlled substance, a drug, or a combination of two or more of those substances into the body...." TEX.REV.CIV.STAT.ANN. art. 6701*l*–1(a)(2)(A) (Vernon Supp.1991). As such, the court of criminal appeals has now decided that when a defendant is charged with the offense of driving while intoxicated he is entitled, upon timely request, to have the State specify which means of intoxicant, or combination thereof, it will rely upon in the charging instrument. I, of course, defer to the court of criminal appeals notwithstanding my firm belief that intoxication is a condition and not an act.

However, in the context of this case, I agree with the majority opinion that the judgment should be affirmed. After subjecting the case to the so-called *Adams* analysis, I agree that the denial of the motion to quash, while in error, did not substantially impact on appellant's ability to prepare a defense.

I concur in affirming the judgment of the trial court.

SEARS, Justice, dissenting.

I respectfully dissent. The majority correctly concludes that the state need not allege which of the two *avenues of proof* on which it will rely, 0.10 alcohol concentration or loss of faculties. However, the majority errs when they conclude that the state need not allege the intoxicant relied upon to prove intoxication and finds that "intoxication is a condition and not an act." This conclusion is in direct conflict with the holdings of the court of criminal appeals in *Garcia v. State*, 747 S.W.2d 379 (Tex.Crim. App.1988), *Solis v. State*, 787 S.W.2d 388 (Tex.Crim.App.1990) and *State v. Winskey*, 790 S.W.2d 641 (Tex.Crim.App.1990) and in direct conflict with the holding of this court in *State v. Carter*, 780 S.W.2d 811 (Tex. App.—Houston [14th Dist.] 1989, pet. granted).

In *Solis*, the court cited *Garcia* to reiterate that it had rejected the state's position that it need not plead which intoxicant the defendant had consumed. *Solis*, 787 S.W.2d at 389 n. 5. The court, examining the general rule concerning when a timely motion to quash will succeed, stated that when the legislature has defined the terms and elements of an offense in the Penal Code, "the definitions and terms are *essentially evidentiary* and need not be alleged in the indictment. This is, in effect, the general rule that, subject to rare exceptions, an indictment which tracks the words of the penal statute in question is legally sufficient." *Id.* (quoting *Thomas v. State*, 621 S.W.2d 158, 161 (Tex.Crim.App.1980)). The court then noted that

> an exception to the general rule occurs when the statutes define a term in such a way as to create several means of committing an offense, and the definition specifically concerns an act or omission on the part of the defendant. *For example*, in *Garcia*, this court held that when a defendant is charged with driving while intoxicated, he is entitled, upon timely request, to have the state specify upon which means of intoxication, under V.A. T.S. Art. 6701*l*–1(a)(2)(A), it will rely.

*Solis*, 787 S.W.2d at 390. Thus, the court recognized that the DWI statute was a rare exception to the general rule regarding motions to quash. Further, the court recognized that (2)(A) of the statute defined "intoxicated" in such a way as to create several means or manners of being intoxicated. The court by implication held that the definition specifically concerned an *act* of the defendant.

The court then set forth the elements of the offense of driving while intoxicated: (1) a person (2) drives or operates (3) a motor vehicle (4) in a public place (5) while intoxicated. *Id.* Further, the court stated that there are four manners in which a defendant's conduct or acts may lead to intoxication: (1) ingestion of alcohol, (2) ingestion of a controlled substance, (3) ingestion of a drug, (4) ingestion of some combination of alcohol, controlled substances, and/or drugs. The court concluded that "a charging instrument *must* allege which statutory definition upon which it will rely, only when the alternative definitions create different ways in which a defendant's conduct could constitute an element of the offense." *Id.* at 391. Since the alternative definitions of "intoxicated" create different ways in which a defendant's conduct or acts could lead to intoxication (by ingestion of alcohol, or a controlled substance, or drugs, or a combination thereof), the charging instrument *must* allege the specific intoxicant(s) on which the state will rely. The court recognized that a specific allegation is *required* when the accused files a timely motion to quash. *Id.* (citing *Garcia*).

In *Solis*, the charging instrument did allege the means or conduct by which the accused had become intoxicated, i.e., the ingestion of alcohol into the body. The court held that the state need not go forward and allege which method of proving intoxication on which it would rely, i.e., (1) 0.10 alcohol concentration or (2) loss of faculties. *Id.* The court held that the charging instrument gave Solis full notice of the charges against him only because the charging instrument had alleged the means or conduct by which the accused had become intoxicated.

In *State v. Winskey,* the charging instrument tracked the DWI statute and contained both definitions of intoxicated, i.e., not having normal use of mental or physical faculties, by reason of the introduction of alcohol, a controlled substance, a drug, or a combination or two or more of those substances into the body, *or* having an alcohol concentration of .10 or more. The trial court quashed the information and the court of appeals affirmed, holding that the state could not charge the offense in the disjunctive if the state sought to charge more than one method of commission. *Winskey,* 790 S.W.2d at 642. The state appealed and the court of criminal appeals reversed. The court held that the disjunctive allegations did not invalidate the information. However, the *Winskey* court was not faced with the problem brought to us by this appellant because Winskey only requested the trial court to "require the State to designate which definition of intoxicated it would prove." There was no motion to compel the State to elect which "means of intoxication" under (2)(A) on which it would rely.

In *Garcia,* the Texas Court of Criminal Appeals very clearly stated:

> In a prosecution under art. 6701*l*–1(b) ... with the addition of art. 6701*l*–1(a)(2)(A) to the definition of intoxication, the type of intoxicant used i.e., alcohol, a controlled substance, a drug, or a combination of two or more of those substances, becomes an element of the offense and critically necessary to the State's proof.
>
> We therefore hold that a charging instrument which alleges an offense under art. 6701*l*–1(b) with intoxication defined under art. 6701*l*–1(a)(2)(A) *must allege the intoxicant singularly, or in a disjunctive combination.* (emphasis added)

*Garcia,* 747 S.W.2d at 381. The court held that when an act or omission by defendant is statutorily defined, and that definition provides more than one way to commit the act or omission, then upon a timely request by the defendant the State must allege the exact manner of intoxication that it seeks to establish. *Id.* at 380.

The *Garcia* court further distinguished cases involving involuntary manslaughter [1] where the focus of the statute involved driving a motor vehicle while intoxicated *and* on a death accidentally caused by such driving while intoxicated, and not on the substance which caused the intoxication. The court held that *in those cases* the substance used to produce the intoxication was evidentiary and was not a necessary part of the notice required to the accused. *Id.* at 381. Nonetheless, the court was clear in holding that *under art. 6701l–1(a)(2)(A)* if the charging instrument does not contain the intoxicant to be relied upon by the State to prove the DWI it cannot survive a motion to quash because the accused has not been given sufficient notice. *Solis* at 391; *Garcia* at 381.

Although the majority opinion contends that this court has previously held intoxication to be a condition, and not an act or omission, the majority misinterprets the previous ruling of this court. In *State v. Carter,* this court held:

> We view *Garcia* as holding that if the State intends to proceed against the defendant under § 1(a)(2)(A) of the DWI statute on the basis that the defendant was intoxicated because he had lost the use of his mental and physical faculties due to the ingestion of alcohol, a controlled substance, a drug, or a combination thereof, it must *name the intoxicant or combination thereof in the charging instrument.* Otherwise, the defendant does not have proper notice of the charge against him. (emphasis added)

*Carter,* 780 S.W.2d at 813.

This court went on to discuss the *Garcia* case and stated that when the State charges the defendant under art. 6701*l*–1(a)(2)*(B)* of the DWI statute that the defendant was intoxicated because he had an alcohol concentration of 0.10 or more, then *that definition* is simply a definition

---

**1.** *Vargas v. State,* 697 S.W.2d 496 (Tex.App.—    Corpus Christi 1985, no writ).

of a *condition,* and leaves no doubt as to the intoxicant involved. This court reached that determination because "only alcohol is implicated in this definition." *Carter,* 780 S.W.2d at 813. We very clearly understood and followed *Garcia* in holding that where the definition involves an act or omission, such as *"ingestion* of alcohol, a controlled substance, a drug, or a combination thereof, *it must name the intoxicant or combination thereof in the charging instrument.* Otherwise, the defendant does not have proper notice of the charge against him." *Id.* However, when the only intoxicant involved is alcohol, and the State charges that the defendant has violated the DWI statute because the *alcohol* concentration is 0.10 or more, then, and only then, the State is dealing with a condition rather than an act or omission.

Clearly, the Texas Court of Criminal Appeals and this court have held that where a DWI defendant is accused of intoxication because of loss of his normal mental and physical faculties due to the *introduction* into his body of one or more intoxicants, the State, on proper notice and motion, must allege, either singularly or in a disjunctive combination, the *specific* means of intoxication by which they plan to prosecute the accused. *Garcia,* 747 S.W.2d at 381.

The trial court also compounded the error by charging the jury that they could find the defendant guilty if they found that he was intoxicated by reason of "the introduction of alcohol, a drug, or a combination of those substances into the body." Where the offense is capable of performance in more than one way, on timely motion by the accused, the State *must* give notice to the accused of which intoxicant they plan to rely to prove the allegations in the information. It is impossible to determine whether this jury found the defendant guilty by reason of ingestion of alcohol, or drugs, or both. The jury may well have found that appellant did not consume enough alcohol to be intoxicated, but was intoxicated because of taking *Dristan.* Appellant did not have sufficient notice of the charge against him and was denied the opportunity to prepare a proper defense.

There is no question that the trial court was timely put on notice of the defect in the information and in the charge. I would sustain appellant's points of error three, four, five, eight and nine, reverse the judgment of the trial court, and remand this case for a new trial.