IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-386-CR




STEPHEN ROY MONTGOMERY,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE COUNTY COURT OF McCULLOCH COUNTY, 


NO. 5979, HONORABLE RANDY YOUNG, JUDGE


 





PER CURIAM

 A jury found appellant guilty of driving while intoxicated, first offense. Tex. Rev.
Civ. Stat. Ann. art. 6701l-1 (Supp. 1992). The county court assessed punishment at incarceration
for 180 days and a $600 fine, probated.

 Although appellant's brief contains five points of error, his only contention is that
the evidence is legally insufficient to sustain the judgment of conviction. Specifically, appellant
contends the State did not prove beyond a reasonable doubt that he was intoxicated at the time and
place in question. In determining the legal sufficiency of the evidence to support a criminal
conviction, the question is whether, after viewing all the evidence in the light most favorable to
the verdict, any rational trier of fact could have found the essential elements of the offense beyond
a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Griffin v. State, 614 S.W.2d 155
(Tex. Crim. App. 1981). (1)

 At approximately 7:00 p.m. on January 27, 1991, appellant was stopped for
speeding by Brady police officer Jesse Moreno. When he detected the odor of alcoholic beverage
on appellant's breath, the officer asked appellant to perform two field sobriety tests. Moreno
testified that appellant was unsteady as he stood on one leg and that he was unable to successfully
walk heel-to-toe. It was the officer's opinion, based on his training and experience, that appellant
was intoxicated.

 Appellant testified that he had spent the day fishing with friends at Lake Buchanan. 
During the course of the afternoon, he consumed three or four beers. Appellant stated that he has
a bad knee and bone spurs in his feet, which might make him appear to be unsteady. But it was
also his testimony that he performed the field sobriety tests satisfactorily. Appellant testified that
he was not intoxicated at the time of his arrest.

 One of appellant's fishing companions testified that, in his opinion, appellant was
not intoxicated when he left Lake Buchanan at approximately 6:00 p.m. Two McCulloch County
deputy sheriffs who were on duty at the jail when appellant was booked following his arrest were
of the opinion that appellant was not intoxicated at that time. Finally, an employee of defense
counsel testified that appellant did not appear to be intoxicated when he left the jail with her at
approximately 8:00 p.m.

 The credibility of the witnesses and the weight to be given their testimony was a
question for the jury. Tex. Code Crim. Proc. Ann. art. 38.04 (1979). Obviously, the jury
believed the testimony of the arresting officer and disbelieved, or discounted, the testimony of the
defense witnesses. Appellant urges that the arresting officer's testimony does not support a
finding of intoxication because he admitted on cross-examination that he merely guessed that
appellant was intoxicated. The questioning to which appellant refers had to do with the officer's
opinion that appellant did not have the normal use of his mental or physical faculties. See Tex.
Rev. Civ. Stat. Ann. art. 6701l-1(a)(2)(A) (Supp. 1992). In answer to a question by defense
counsel, the officer acknowledged that he did not know appellant's "normal range." The officer
then answered affirmatively when asked if his conclusion that appellant was outside his "normal
range" was a guess. In other words, the officer admitted that he did not know whether the
behavior he observed was or was not normal for appellant.

 It was not necessary for the State to prove what was normal for appellant. Under
art. 6701l-1(a)(2)(A), the State is required to prove that the defendant did not have the normal use
of his mental or physical faculties. It is not required to prove that he did not have his normal use
of those faculties. An habitual drunkard is not immune from prosecution for driving while
intoxicated. The officer testified that, based on his experience and the observed facts, appellant
was intoxicated as he drove through Brady. The officer's testimony was sufficient to prove the
elements of the offense, including intoxication. Annis v. State, 578 S.W.2d 406 (Tex. Crim. App.
1979); Watkins v. State, 741 S.W.2d 546 (Tex. App. 1987, pet. ref'd).

 The points of error are overruled and the judgment of conviction is affirmed. 


[Before Justices Powers, Jones and Kidd]

Affirmed

Filed: February 5, 1992

[Do Not Publish]
1. Appellant asserts that the evidence must be viewed in light of the presumption of innocence,
and that guilt must be shown to a moral certainty. This notion was expressly disapproved in
Carlsen v. State, 654 S.W.2d 444, 448 (Tex. Crim. App. 1983) (opinion on rehearing).