**John Russell REARDON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–84–0489–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

July 25, 1985.

Thomas D. White, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Winston E. Cochran, Jr., Pam Derbyshire, Harris County Asst. Dist. Attys., Houston, for appellee.

Before DUGGAN, WARREN and LEVY, JJ.

## OPINION

DUGGAN, Justice.

This court's opinion dated June 6, 1985, is hereby withdrawn, and the following opinion is substituted:

A jury found appellant guilty of driving while intoxicated and assessed his punishment at 180 days confinement and a fine of $500. In four grounds of error, appellant alleges that the second paragraph in the information is defective, the charge based thereon is defective, the evidence under that charge of intoxication is insufficient, and the evidence showing the chain of custody of the blood sample is insufficient. We affirm.

The information under which appellant was charged contained two paragraphs alleging the same offense in two different ways:

> The defendant, heretofore on or about March 28, 1984, did then and there unlawfully while intoxicated, namely, not having the normal use of his mental and physical faculties by the reason of the introduction of alcohol into his body, drive and operate a motor vehicle in a public place.

It is further presented that in Harris County, Texas, John Russell Reardon, hereinafter styled the defendant, heretofore on or about March 28, 1984, did then and there unlawfully while intoxicated, namely, having an alcohol concentration of at least 0.10 percent in his body, drive and operate a motor vehicle in a public place.

Appellant alleges that the description of intoxication listed in the second paragraph above is defective in that it alleges a percentage of alcohol in the body, rather than in the blood, the breath, or the urine. Tex. Rev.Civ.Stat.Ann. art. 6701*l*–1(a)(2) (Vernon Supp.1985) defines "intoxicated" according to two different methods of proof:

"Intoxicated" means:

(A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, or a combination of two or more of those substances into the body; or

(B) having an alcohol concentration of 0.10 percent or more.

"Alcohol concentration" is defined in article 6701*l*–1(a)(1) in terms of the number of grams of alcohol per 100 milliliters of blood, 210 liters of breath, or 67 milliliters of urine.

■ Although the allegations in the information do not specifically track the statutory language, we find that they are sufficient to allege an offense. Blood, urine, and breath tests are methods of testing the amount of alcohol in a person's body. *See* Tex.Rev.Civ.Stat.Ann. art. 6701*l*–5 sec. 1 (Vernon Supp.1985).

■ A person having .10% alcohol concentration is intoxicated per se. Tex.Rev. Civ.Stat.Ann. art. 6701*l*–1(a)(2)(B) (Vernon Supp.1985); *Scherlie v. State,* 689 S.W.2d 294 (Tex.App.—Houston [1st Dist.] 1985, no pet.). The statute prohibits operation of an automobile while the person has an alcohol concentration of .10% or more, regardless of the level of bodily impairment. Therefore, alleging that the body contains the proscribed percentage of alcohol is sufficient to allege intoxication, and the partic-

ular legislatively authorized measurement made need not be alleged. We note that the same conclusion has been reached by our sister court in *Perryman v. State,* 687 S.W.2d 371 (Tex.App.—Houston [14th Dist.] 1984, no pet.). Appellant's first ground of error is overruled.

■ In his second ground of error, appellant alleges that the jury charge is fundamentally defective because it allowed the jury to convict if it found that he had at least 0.10 percent alcohol concentration in his body rather than in his blood. Appellant made no objection to the jury charge at trial. A jury charge will be held fundamentally defective only if the charge is so erroneous that it deprived the defendant of a fair and impartial trial. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App. 1985) (op. on reh'g). Appellant urges that *Cumbie v. State,* 578 S.W.2d 732 (Tex. Crim.App.1979), has not been entirely overruled by *Almanza,* and still stands for the proposition that a charge that allows a jury to convict on facts which do not constitute an offense is fundamentally defective and requires reversal. While we agree with appellant's reading of *Almanza* and *Cumbie,* we find that the jury charge in the instant case sufficiently set out the elements of the offense and required the jury to find each element before it could convict appellant under either theory of the state's case. Because the allegations in the second paragraph of the information were sufficient to allege an offense, we hold that the trial court did not err in charging the jury in terms of those allegations. Appellant's second ground of error is overruled.

■ In his third ground of error, appellant alleges that the evidence is insufficient to support a conviction under the second paragraph of the information. However, appellant does not challenge the sufficiency of the evidence to convict him under the first paragraph of the indictment. The jury was instructed that it could convict appellant if it found him guilty under the terms of either paragraph. The general verdict form returned by the jury did not

indicate under which of the two paragraphs the jury found appellant guilty. Where alternative theories are submitted to the jury and a general guilty form is returned, the conviction will be upheld if the evidence was sufficient to support either theory. *Bailey v. State*, 532 S.W.2d 316, 323 (Tex. Crim.App.1975). We find that the evidence introduced under the first paragraph in the information is sufficient to sustain the conviction. Appellant's third ground of error is overruled.

In his fourth ground of error, appellant alleges that the evidence is insufficient to prove the chain of custody of the blood sample. The arresting officer testified that he placed the vial containing appellant's blood sample in the lock box in the Accident Division at the police station. The chemist analyzing appellant's blood sample testified that she took the vial from that lock box and tested it. Appellant does not demonstrate any break in the chain of custody. *See Lockard v. State*, 683 S.W.2d 166, 171 (Tex.App.—Fort Worth 1985, no pet.). Appellant's fourth ground of error is overruled.

The judgment of the trial court is affirmed.