Beth Eva IRION, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–84–233–CR.

Court of Appeals of Texas, Austin.

Jan. 8, 1986.

Thomas A. Autry, Austin, for appellant.

Ken Oden, Co. Atty., Joseph Parker, Jr., Asst. Co. Atty., Austin, for appellee.

Before POWERS, EARL W. SMITH and BRADY, JJ.

EARL W. SMITH, Justice.

Appellant, Beth Eva Irion, appeals from a conviction for driving while intoxicated. A jury found appellant guilty. She elected to have the court assess punishment, which was set at 60 days confinement in the Travis County jail and a fine of $1000.00. The jail time and $500.00 of the fine were probated for 24 months.

On May 13, 1984, Officer Olvera of the Austin Police Department observed appellant's car weaving from lane to lane on Research Boulevard. The vehicle continued weaving after turning onto Burnet Road, while traveling 30 to 35 miles per hour in a 45 miles-per-hour zone. After stopping appellant's car, Officer Olvera asked her to exit her vehicle. He observed that her eyes were bloodshot, her breath smelled of alcohol, and she swayed from side to side. Appellant then performed poorly on several field sobriety tests.

Appellant brings three grounds of error on appeal. In her first two grounds of error, appellant challenges the constitutionality, under both the United States and Texas constitutions, of the definition of driving while intoxicated. Appellant was prosecuted under the following definition of "intoxicated":

(2) "Intoxicated" means:

(A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, or a combination of two or more of those substances into the body; ...

Tex.Rev.Civ.Stat.Ann. art. 6701*l*–1(a)(2)(A) (Supp.1985). Appellant complains that the above statute fails to define "normal" and fails to set ascertainable standards to determine intoxication. She contends that it is so vague, uncertain, and indefinite that it fails to give appellant notice of the nature of the accusation against her, violating her rights under art. I, § 10 of the Texas constitution, and her due process rights under the United States constitution.

Appellant cites numerous authorities in support of the proposition that a penal statute may not be vague and indefinite; that criminal statutes must charge the commission of an offense in language with a degree of certainty that will give a defendant notice of the particular offense with which he is charged. Tex.Const.Ann. art. I, § 10 (1984); Tex.Code Cr.P.Ann. art. 21.11 (1966). We have no quarrel with appellant's general propositions, nor with the test that she states for considering whether a statute is void for vagueness. *See, e.g., Papachristou v. Jacksonville,* 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972); *Shuttlesworth v. Birmingham,* 382 U.S. 87, 86 S.Ct. 211, 15 L.Ed.2d 176 (1965).

These cases supporting general propositions are not on point, however, because the language of which appellant complains has already been upheld against a challenge of vagueness. The language used in art. 6701*l*–1(a)(2)(A), *supra,* is also found in Tex.Pen.Code Ann. § 19.05(b) (1974), which reads as follows:

For purposes of this section, "intoxication" means that the actor does not have the normal use of his mental or physical faculties by reason of the voluntary introduction of any substance into his body.

The Court of Criminal Appeals found § 19.05(b) constitutional in *Parr v. State,* 575 S.W.2d 522 (Tex.Cr.App.1978). The

challenge brought in *Parr* was the same as appellant's—the statute is void for vagueness. The court overruled this contention and upheld the statute.

The definition in § 19.05(b), *supra*, and art. 6701*l*–1, *supra*, was drawn from the definition approved by the court in *Lockhart v. State*, 108 Tex.Cr.R. 597, 1 S.W.2d 894 (1927). Although the court consistently had held, prior to the current version of the statutes, that no definition of intoxication needed to be included in the court's charge, a definition phrased in the terms "lack of normal use of physical and mental faculties by reason of the use of intoxicating liquor" regularly has been approved. *See also Waites v. State*, 401 S.W.2d 243 (Tex.Cr.App.1966); *Cox v. State*, 141 Tex.Cr.R. 561, 150 S.W.2d 85, 86 (1941). We overrule appellant's first two grounds of error.

In her third ground of error, appellant contends that the evidence is insufficient to support her conviction. The test for sufficiency of the evidence is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Griffin v. State*, 614 S.W.2d 155, 159 (Tex.Cr.App.1981). We find the evidence sufficient to support appellant's conviction.

The opinion testimony of the arresting officer, standing alone, is sufficient to prove the element of intoxication. *Annis v. State*, 578 S.W.2d 406, 407 (Tex.Cr. App.1979) (testimony of arresting officer that defendant appeared disorderly, his speech was mushmouthed, eyes were red, breath smelled of alcohol, and he swayed while standing or walking held sufficient to support conviction). In this cause, the arresting officer testified to appellant's weaving while driving, breath smelling of alcohol, and failing the field sobriety tests. Another officer at the scene gave an opinion that she was "probably intoxicated." The jailer at the booking desk and the officer in charge of the jail both remembered appellant's unusually belligerent behavior and testified that they thought she was intoxicated.

Appellant contends that the absence of the videotape required to be made of persons arrested for offenses under art. 6701*l*–1, *supra*, renders the evidence insufficient. 1983 Tex.Gen.Laws, ch. 303, § 24, at 1605. The act requires the following:

Sec. 24. (a) Each county with a population of 25,000 or more according to the most recent federal census shall purchase and maintain electronic devices capable of visually recording a person arrested within the county for an offense under Article 6701*l*–1, Revised Statutes, or Subdivision (2), Subsection (a), Section 19.05, Penal Code.

(b) The sheriff of the county shall determine upon approval by the county commissioners court the number of devices necessary to ensure that a peace officer arresting a defendant for an offense listed in Subsection (a) of this section may visually record the defendant's appearance within a reasonable time after the arrest.

(c) The fact that an arresting officer or other person acting on behalf of the *state failed to visually record a person arrested* for an offense listed in Subsection (a) of this section *is admissible at the trial* of the offense if the offense occurred in a county required to purchase and maintain electronic devices under this section.

(emphasis added).

The act does not mandate that the absence of the videotape, in and of itself, results in acquittal for insufficiency of the evidence. Rather, the act provides that the failure to make the videotape is admissible at the trial of the offense. The defendant may then use the absence of the videotape in an attempt to create a reasonable doubt in the jurors' minds. Appellant indeed argued that the absence of the videotape meant that there was a reasonable doubt as to her guilt. Appellant argued that if she had performed poorly on the sobriety tests given in the video room that the jury certainly "would have heard about it."

In reviewing the sufficiency of the evidence to support a conviction based upon direct evidence, the evidence is viewed in the light most favorable to the verdict. *Flournoy v. State,* 668 S.W.2d 380 (Tex.Cr. App.1984). Viewed in such light, we find the evidence sufficient that a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. We overrule appellant's third ground of error.

We affirm the judgment of the trial court.