COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.
2-05-407-CR

 

 

TARIO
SALAM A/K/A                                                           APPELLANT

TARIO
SALAM KHAN

                                                                                                        

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
COUNTY CRIMINAL COURT NO. 4 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I. Introduction

In three issues, Appellant
Tario Salam a/k/a Tario Salam Khan (ATario@) appeals
his conviction for misdemeanor driving while intoxicated.  We affirm.

 

 








II. Factual Background

On June 20, 2003, Corporal
Debra Garza and Officer David Szatkowski of the Arlington Police Department
stopped for coffee at the Country Kitchen restaurant.  As they crossed the parking lot, they noticed
a Ford Explorer sitting in the lot with its engine running, but no visible
occupant.  Officer Szatkowski noticed a
pool of fresh vomit next to the driver=s door.  Looking in the driver=s window, the officers saw Tario lying on his side in the driver=s seat asleep.

Officer Szatkowski opened the
unlocked driver=s door,
reached inside and turned off the ignition, and placed the keys on the
dashboard.  He then loudly announced
himself as a police officer and asked Tario to wake up.  This proved unsuccessful in rousing Tario, as
did shining a flashlight in his face. 
Officer Szatkowski finally awoke Tario by poking him in the hip with a
flashlight.  Tario told the officers he
was just tired and that he was in Fort Worth, although he was in
Arlington.  He then said he was on his
way to Fort Worth.  








Officer Szatkowski asked
Tario if he had been drinking; Tario answered that he had consumed three
drinks.  Officer Szatkowski then asked
Tario to step out of the vehicle and produce his driver=s license.  When Tario exited
the vehicle, Officer Szatkowski noticed a vomit stain on his shirt and the
strong odor of alcohol on his breath. 
Officer Szatkowski testified that Tario had problems balancing himself
when he exited the vehicle, grabbed the side of the vehicle to stand, and had
difficulty walking in a straight line. 

Officer Szatkowski
administered three field sobriety tests to Tario at the scene.  Tario exhibited all six clues on the
horizontal gaze nystagmus test,  seven of
the eight clues on the walk-and-turn test, and had to put his foot down on the
count of one during the one-leg stand test. 
Corporal Garza testified during cross-examination that someone wearing
footwear with heels, such as the cowboy boots Tario was wearing, could have
difficulty performing the one-leg stand test.

The officers arrested Tario
and conducted an inventory search of his vehicle.  They recovered a plastic cup containing one
inch of clear liquid which smelled of alcohol and an orange juice container
with one-half of an inch of liquid that also smelled of alcohol from the cup
holder next to the driver=s seat.      On
the way to the police station, Tario fell asleep in the patrol car.  At the police station, Tario refused to
submit to a breath test.  During a
videotaped interview, Tario said he had consumed three Coors Lights and stated
he was borderline diabetic, had bronchitis, and was taking antibiotics.  Corporal Garza testified that the symptoms of
diabetes could be mistaken for intoxication. 









At trial, Tario called his
brother, Dr. Khalid Khan,[2]
as a witness and objected when the trial court ruled that Dr. Khan could only
testify as a lay witness and not as a medical expert.  Dr. Khan testified that they had a family
history of diabetes and that his brother had problems with passing out due to
diabetes.  Tario did not testify at the
trial.

In closing argument, the
State pointed out that Tario did not produce the cowboys boots as
evidence.  Tario=s objection that this was a comment on his failure to testify was
overruled.

The jury convicted Tario of
driving while intoxicated.  The trial
court assessed punishment at a fine of $750.00 and 140 days= confinement, but suspended imposition of the sentence and placed
Tario on probation for twenty-four months.

 

 

 

 








III. Discussion

A. Variance

In his first issue, Tario
argues there is a fatal variance between the State=s information, the trial court=s jury charge, and the State=s proof using the incorrect definition of intoxication.  We disagree. 


A variance occurs when there
is a discrepancy between the allegations in the charging instrument and the
proof at trial.  Gollihar v. State,
46 S.W.3d 243, 246 (Tex. Crim. App. 2001); Goodman v. State, 190 S.W.3d
823, 832 (Tex. App.CFort Worth
2006, pet. ref=d).  In a variance situation, the State has proven
the defendant guilty of a crime, but has proven its commission in a manner that
varies from the allegations in the charging instrument.  Gollihar, 46 S.W.3d at 246.  

The essence of Tario=s argument is that a material variance exists because the information
alleged he Awas
intoxicated by not having the normal use of his mental or physical
faculties,@ but each of
the State=s witnesses
was asked whether Tario Ahad lost
the normal use of his mental and physical faculties.@  [Emphasis supplied.]  Tario does not allege that the court=s charge was improper or incorrect. 








Tario argues that by framing
their questions in terms of Aloss of use,@ the State
employed an incorrect definition of intoxication[3]
which allowed the jury to convict Tario on a legal theory not set out in the
information.  We have previously used the
complained-of language in describing proof of intoxication.  See, e.g., Jackson v. State, 50
S.W.3d 579, 587B88 (Tex.
App.CFort Worth 2001, pet. ref=d).  

First, the officers= testimony standing alone was sufficient to prove intoxication.  See Fierro v. State, 969 S.W.2d 51, 59
(Tex. App.CAustin 1998,
no pet.); Irion v. State, 703 S.W.2d 362, 364 (Tex. App.CAustin 1986, no writ) (citing Annis v. State, 578 S.W.2d 406,
407 (Tex. Crim. App. 1979)).  Second, the
facts detailed above are additional proof that Tario did not have the normal
use of his mental or physical faculties because he had consumed alcohol.  See Tex.
Penal Code Ann. '
49.01(2)(A).  Thus, the record contains
sufficient evidence to prove Tario was guilty of the offense as charged in the
information.  There is no variance
between the allegations in the information and the proof at trial.  

Accordingly, we overrule Tario=s first issue.








B. Exclusion of Dr. Khalid
Khan as an Expert Witness 

In his second issue, Tario
claims the trial court erred by excluding evidence from Dr. Khan that Tario=s diabetic condition that could have produced symptoms of alcohol
intoxication.  Tario further asserts this
exclusion prevented him from presenting a defense.

To preserve error, the substance of the excluded evidence
must be shown by offer of proof unless it is apparent from the context of the
questions asked.  Tex. R. Evid. 103(a)(2); Tex.
R. App. P. 33.2; Fairow v. State, 943 S.W.2d 895, 897 n.2 (Tex.
Crim. App. 1997); Chambers v. State, 866 S.W.2d 9, 27 (Tex. Crim. App.
1993), cert. denied, 511 U.S. 1100 (1994).  Error may be preserved by an offer of proof
in question and answer form or in the form of a concise statement by
counsel.  Tex. R. Evid. 103(b); Love v. State, 861 S.W.2d 899,
901 (Tex. Crim. App. 1993).  Counsel=s concise
statement must include a summary of the proposed testimony.  Love, 861 S.W.2d at 901.  Absent a showing of what such testimony would
have been nothing is presented for review. 
Guidry v. State, 9 S.W.3d 133, 153 (Tex. Crim. App. 1999), cert.
denied, 531 U.S. 837 (2000).  Error
is likewise not preserved if the offer of proof is inadequate.  Warner v. State, 969 S.W.2d 1, 2 (Tex.
Crim. App. 1998).








Prior to the case being
submitted to the jury, Tario made an offer of proof.  This offer of proof consisted of a review of
Dr. Khan=s purported qualifications and potential helpfulness to the jury.  However, it failed to show the specific
substance of the excluded evidence.  See
Tex. R. Evid. 103(a)(2); Tex. R. App. P. 33.2; Fairow,
943 S.W.2d at 897 n.2; Chambers, 866 S.W.2d at 27.  Tario never questioned Dr. Khan during the
offer of proof, nor did defense counsel make a statement summarizing the
proposed specific testimony.  See Tex. R. Evid. 103(b); Love, 861
S.W.2d at 901.  Because there was no
showing of what Dr. Khan=s testimony would have been, Tario=s offer of proof
is inadequate.  See Guidry, 9
S.W.3d at 153; Warner, 969 S.W.2d at 2. 


Because Tario failed to preserve this issue for appeal we
overrule it.

C. State=s Comments During Closing Argument 

In his last issue, Tario
contends that the State=s remarks
concerning cowboy boots during closing argument amount to a comment on Tario=s failure to testify.  Again we
disagree.








To determine if a prosecutor=s comment violated
article 38.08 and constituted an impermissible reference to an accused=s failure to
testify, we must consider whether the language used was manifestly intended or
was of such a character that the jury would have naturally and necessarily
considered it to be a comment on the defendant=s failure to
testify.  Tex. Code Crim. Proc. Ann. art. 38.08 (Vernon 2005); see
Bustamante v. State, 48 S.W.3d 761, 765 (Tex. Crim. App. 2001); Fuentes
v. State, 991 S.W.2d 267, 275 (Tex. Crim. App.), cert. denied, 528
U.S. 1026 (1999).  The offending language
must be viewed from the jury=s standpoint, and
the implication that the comment referred to the accused=s failure to
testify must be clear.  Bustamante,
48 S.W.3d at 765; Swallow v. State, 829 S.W.2d 223, 225 (Tex. Crim. App.
1992).  A mere indirect or implied
allusion to the defendant=s failure to testify does not violate the
accused=s right to remain
silent.  Wead v. State, 129 S.W.3d
126, 130 (Tex. Crim. App. 2004); Patrick v. State, 906 S.W.2d 481, 490B91 (Tex. Crim.
App. 1995), cert. denied, 517 U.S. 1106 (1996).  

If the prosecutor=s remark calls to
the jury=s attention the
absence of evidence that only the defendant=s testimony could
supply, the comment is improper.  Fuentes,
991 S.W.2d at 275.  But if the remark
reasonably can be construed to refer to the defendant=s failure to
present evidence other than his own testimony, the comment is not
improper.  Id.








Regarding the cowboy boots
that allegedly made it difficult for Tario to perform the one-leg stand
sobriety test, the State argued during closing argument, A[I]f it was such a big deal, where are the boots?  Certainly nobody brought them here.@  Tario objected that this was a
comment on his failure not to testify, and trial court overruled his objection.


The language used by the State was not manifestly intended
and not of such a character that the jury would have naturally and necessarily
considered it to be a comment on the Tario=s failure to
testify.  See Tex. Code Crim. Proc. Ann. art. 38.08; Bustamante,
48 S.W.3d at 765; Fuentes, 991 S.W.2d at 275.  From the jury=s standpoint it is
unclear that the comment referred to Tario=s failure to
testify.  Bustamante, 48 S.W.3d at
765; Swallow, 829 S.W.2d at 225. 

Tario asserts that the State=s comments drew
attention to the absence of evidence that only Tario=s testimony could
have supplied.  We disagree with this
assertion.  The State=s comments can be
reasonably construed to refer to Tario=s failure to
present the cowboy boots rather than his own testimony.  Therefore, the comment was not improper.  See Fuentes, 991 S.W.2d at 275; Wolfe
v. State, 917 S.W.2d 270, 279 (Tex. Crim. App. 1996), cert. denied,
544 U.S. 1037 (2005); Madden v. State, 799 S.W.2d 683, 700 (Tex. Crim.
App. 1990), cert. denied, 499 U.S. 954 (1991).

We overrule Tario=s third issue.

 

 








IV. Conclusion

Having overruled Tario=s three issues, we affirm the judgment of the trial court.  

 

 

BOB MCCOY

JUSTICE

 

PANEL B:   DAUPHINOT, GARDNER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
October 12, 2006











[1]See Tex. R. App. P. 47.4.





[2]Dr.
Khan received his M.D. in 1992 from the University Health Sciences Antigua
School of Medicine.  He does not hold a
license to practice medicine in the United States, and his only practical
experience was working as a student in a clinic. Dr. Khan has not practiced
medicine anywhere since his graduation in 1992. 






[3]The
Texas Penal Code defines intoxication as Anot having the normal use of
mental or physical faculties by reason of the introduction of alcohol . . .
into the body.@  Tex.
Penal Code Ann. '
49.01(2)(A) (Vernon 2003).