COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-407-CR

TARIO SALAM A/K/A APPELLANT

TARIO SALAM KHAN

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

In three issues, Appellant Tario Salam a/k/a Tario Salam Khan (“Tario”) appeals his conviction for misdemeanor driving while intoxicated.  We affirm.

II. Factual Background

On June 20, 2003, Corporal Debra Garza and Officer David Szatkowski of the Arlington Police Department stopped for coffee at the Country Kitchen restaurant.  As they crossed the parking lot, they noticed a Ford Explorer sitting in the lot with its engine running, but no visible occupant.  Officer Szatkowski noticed a pool of fresh vomit next to the driver’s door.  Looking in the driver’s window, the officers saw Tario lying on his side in the driver’s seat asleep.

Officer Szatkowski opened the unlocked driver’s door, reached inside and turned off the ignition, and placed the keys on the dashboard.  He then loudly announced himself as a police officer and asked Tario to wake up.  This proved unsuccessful in rousing Tario, as did shining a flashlight in his face.  Officer Szatkowski finally awoke Tario by poking him in the hip with a flashlight.  Tario told the officers he was just tired and that he was in Fort Worth, although he was in Arlington.  He then said he was on his way to Fort Worth.  

Officer Szatkowski asked Tario if he had been drinking; Tario answered that he had consumed three drinks.  Officer Szatkowski then asked Tario to step out of the vehicle and produce his driver’s license.  When Tario exited the vehicle, Officer Szatkowski noticed a vomit stain on his shirt and the strong odor of alcohol on his breath.  Officer Szatkowski testified that Tario had problems balancing himself when he exited the vehicle, grabbed the side of the vehicle to stand, and had difficulty walking in a straight line. 

Officer Szatkowski administered three field sobriety tests to Tario at the scene.  Tario exhibited all six clues on the horizontal gaze nystagmus test,  seven of the eight clues on the walk-and-turn test, and had to put his foot down on the count of one during the one-leg stand test.  Corporal Garza testified during cross-examination that someone wearing footwear with heels, such as the cowboy boots Tario was wearing, could have difficulty performing the one-leg stand test.

The officers arrested Tario and conducted an inventory search of his vehicle.  They recovered a plastic cup containing one inch of clear liquid which smelled of alcohol and an orange juice container with one-half of an inch of liquid that also smelled of alcohol from the cup holder next to the driver’s seat.   On the way to the police station, Tario fell asleep in the patrol car.  At the police station, Tario refused to submit to a breath test.  During a videotaped interview, Tario said he had consumed three Coors Lights and stated he was borderline diabetic, had bronchitis, and was taking antibiotics.  Corporal Garza testified that the symptoms of diabetes could be mistaken for intoxication.  

At trial, Tario called his brother, Dr. Khalid Khan,
(footnote: 2) as a witness and objected when the trial court ruled that Dr. Khan could only testify as a lay witness and not as a medical expert.  Dr. Khan testified that they had a family history of diabetes and that his brother had problems with passing out due to diabetes.  Tario did not testify at the trial.

In closing argument, the State pointed out that Tario did not produce the cowboys boots as evidence.  Tario’s objection that this was a comment on his failure to testify was overruled.

The jury convicted Tario of driving while intoxicated.  The trial court assessed punishment at a fine of $750.00 and 140 days’ confinement, but suspended imposition of the sentence and placed Tario on probation for twenty-four months.

III. Discussion

A. Variance

In his first issue, Tario argues there is a fatal variance between the State’s information, the trial court’s jury charge, and the State’s proof using the incorrect definition of intoxication.  We disagree.  

A variance occurs when there is a discrepancy between the allegations in the charging instrument and the proof at trial.  
Gollihar v. State
, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001); 
Goodman v. State
, 190 S.W.3d 823, 832 (Tex. App.—Fort Worth 2006, pet. ref’d).  In a variance situation, the State has proven the defendant guilty of a crime, but has proven its commission in a manner that varies from the allegations in the charging instrument.  
Gollihar
, 46 S.W.3d at 246.  

The essence of Tario’s argument is that a material variance exists because the information alleged he “was intoxicated by 
not having the normal use 
of his mental or physical faculties,” but each of the State’s witnesses was asked whether Tario “had 
lost the normal use 
of his mental and physical faculties.”  [Emphasis supplied.]  Tario does not allege that the court’s charge was improper or incorrect. 

Tario argues that by framing their questions in terms of “loss of use,” the State employed an incorrect definition of intoxication
(footnote: 3) which allowed the jury to convict Tario on a legal theory not set out in the information.  We have previously used the complained-of language in describing proof of intoxication.  
See, e.g.,
 
Jackson v. State
, 50 S.W.3d 579, 587–88 (Tex. App.—Fort Worth 2001, pet. ref’d).  

First, the officers’ testimony standing alone was sufficient to prove intoxication.  
See Fierro v. State
, 969 S.W.2d 51, 59 (Tex. App.—Austin 1998, no pet.);
 Irion v. State
, 703 S.W.2d 362, 364 (Tex. App.—Austin 1986, no writ) (citing 
Annis v. State
, 578 S.W.2d 406, 407 (Tex. Crim. App. 1979))
.  Second, the facts detailed above are additional proof that Tario did not have the normal use of his mental or physical faculties because he had consumed alcohol.  
See
 
Tex. Penal Code Ann.
 § 49.01(2)(A).  Thus, the record contains sufficient evidence to prove Tario was guilty of the offense as charged in the information.  There is no variance between the allegations in the information and the proof at trial.  

Accordingly, we overrule Tario’s first issue.

B. Exclusion of Dr. Khalid Khan as an Expert Witness 

In his second issue, Tario claims the trial court erred by excluding evidence from Dr. Khan that Tario’s diabetic condition that could have produced symptoms of alcohol intoxication.  Tario further asserts this exclusion prevented him from presenting a defense.

To preserve error, the substance of the excluded evidence must be shown by offer of proof unless it is apparent from the context of the questions asked.  
Tex. R. Evid.
 103(a)(2); 
Tex. R. App. P.
 33.2; 
Fairow v. State
, 943 S.W.2d 895, 897 n.2 (Tex. Crim. App. 1997)
; 
Chambers v. State
, 866 S.W.2d 9, 27 (Tex. Crim. App. 1993), 
cert. denied
, 511 U.S. 1100 (1994)
.  Error may be preserved by an offer of proof in question and answer form or in the form of a concise statement by counsel.  
Tex. R. Evid.
 103(b); 
Love v. State
, 861 S.W.2d 899, 901 (Tex. Crim. App. 1993).  Counsel’s concise statement must include a summary of the proposed testimony. 
 Love
, 861 S.W.2d at 901.  Absent a showing of what such testimony would have been nothing is presented for review.  
Guidry v. State
, 9 S.W.3d 133, 153 (Tex. Crim. App. 1999), 
cert. denied
, 531 U.S. 837 (2000).  
Error is likewise not preserved if the offer of proof is inadequate. 
 Warner v. State
, 969 S.W.2d 1, 2 (Tex. Crim. App. 1998).

Prior to the case being submitted to the jury, Tario made an offer of proof.  This offer of proof consisted of a review of Dr. Khan’s purported qualifications and potential helpfulness to the jury.  However, it 
failed to show the specific substance of the excluded evidence.  
See 
Tex. R. Evid.
 103(a)(2); 
Tex. R. App. P.
 33.2; 
Fairow
, 943 S.W.2d at 897 n.2
; 
Chambers
, 866 S.W.2d at 27
.  Tario never questioned Dr. Khan during the offer of proof, nor did defense counsel make a statement summarizing the proposed specific testimony.  
See
 
Tex. R. Evid.
 103(b); 
Love
, 861 S.W.2d at 901.  Because there was no showing of what Dr. Khan’s testimony would have been, Tario’s offer of proof is inadequate.  
See Guidry
, 9 S.W.3d at 153; 
Warner
, 969 S.W.2d at 2.  

Because Tario failed to preserve this issue for appeal we overrule it.

C. State’s Comments During Closing Argument 

In his last issue, Tario contends that the State’s remarks concerning cowboy boots during closing argument amount to a comment on Tario’s failure to testify.  Again we disagree.

To determine if a prosecutor’s comment violated article 38.08 and constituted an impermissible reference to an accused’s failure to testify, we must consider whether the language used was manifestly intended or was of such a character that the jury would have naturally and necessarily considered it to be a comment on the defendant’s failure to testify.  
Tex. Code Crim. Proc. Ann.
 art. 38.08 (Vernon 2005); 
see Bustamante v. State
, 48 S.W.3d 761, 765 (Tex. Crim. App. 2001); 
Fuentes v. State
, 991 S.W.2d 267, 275 (Tex. Crim. App.), 
cert. denied
, 528 U.S. 1026 (1999).  The offending language must be viewed from the jury’s standpoint, and the implication that the comment referred to the accused’s failure to testify must be clear.  
Bustamante
, 48 S.W.3d at 765; 
Swallow v. State
, 829 S.W.2d 223, 225 (Tex. Crim. App. 1992).  A mere indirect or implied allusion to the defendant’s failure to testify does not violate the accused’s right to remain silent.  
Wead v. State
, 129 S.W.3d 126, 130 (Tex. Crim. App. 2004); 
Patrick v. State
, 906 S.W.2d 481, 490–91 (Tex. Crim. App. 1995), 
cert. denied
, 517 U.S. 1106 (1996).
  

If the prosecutor’s remark calls to the jury’s attention the absence of evidence that only the defendant’s testimony could supply, the comment is improper.  
Fuentes
, 991 S.W.2d at 275
.  But if the remark reasonably can be construed to refer to the defendant’s failure to present evidence other than his own testimony, the comment is not improper.  
Id.

Regarding the cowboy boots that allegedly made it difficult for Tario to perform the one-leg stand sobriety test, the State argued during closing argument, “[I]f it was such a big deal, where are the boots?  Certainly nobody brought them here.”  Tario objected that this was a comment on his failure not to testify, and trial court overruled his objection. 

The language used by the State was not manifestly intended and not of such a character that the jury would have naturally and necessarily considered it to be a comment on the Tario’s failure to testify.  
See 
Tex. Code Crim. Proc. Ann.
 art. 38.08; 
Bustamante
, 48 S.W.3d at 765; 
Fuentes
, 991 S.W.2d at 275.  From the jury’s standpoint it is unclear that the comment referred to Tario’s failure to testify.  
Bustamante
, 48 S.W.3d at 765; 
Swallow
, 829 S.W.2d at 225. 

Tario asserts that the State’s comments drew attention to the absence of evidence that only Tario’s testimony could have supplied.  We disagree with this assertion.  The State’s comments can be reasonably construed to refer to Tario’s failure to present the cowboy boots rather than his own testimony.  Therefore, the comment was not improper.  
See Fuentes
, 991 S.W.2d at 275; 
Wolfe v. State
, 917 S.W.2d 270, 279 (Tex. Crim. App. 1996), 
cert. denied
, 544 U.S. 1037 (2005); 
Madden v. State
, 799 S.W.2d 683, 700 (Tex. Crim. App. 1990), 
cert. denied
, 499 U.S. 954 (1991).

We overrule Tario’s third issue.

IV. Conclusion

Having overruled Tario’s three issues, we affirm the judgment of the trial court.  

BOB MCCOY

JUSTICE

PANEL B: DAUPHINOT, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: October 12, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Dr. Khan received his M.D. in 1992 from the University Health Sciences Antigua School of Medicine.  He does not hold a license to practice medicine in the United States, and his only practical experience was working as a student in a clinic. Dr. Khan has not practiced medicine anywhere since his graduation in 1992.  

3:
The Texas Penal Code defines intoxication as “not having the normal use of mental or physical faculties by reason of the introduction of alcohol . . . into the body.”  
Tex. Penal Code Ann.
 § 49.01(2)(A) (Vernon 2003).