# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00682-CR

**Steven Lloyd Montgomery, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM COUNTY COURT AT LAW NO. 2 OF BELL COUNTY, NO. 2C07-05922, HONORABLE JOHN MISCHTIAN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Steven Lloyd Montgomery guilty of driving while intoxicated (DWI), enhanced by a prior DWI conviction. *See* Tex. Penal Code Ann. § 49.04 (West 2003), § 49.09(a) (West Supp. 2008). The trial court assessed Montgomery's punishment at one year's confinement, probated for a period of two years' community supervision with 30 days' confinement as a condition of community supervision, and a $1,000 fine. On appeal, Montgomery contends that the evidence is factually insufficient to support his conviction. We affirm the judgment of conviction.

## BACKGROUND

Just after midnight on May 17, 2009, in Bell County, Texas, Texas Department of Public Safety Trooper Shannon Cloe observed Montgomery making a right turn without using a turn signal. Cloe initiated a traffic stop based on Montgomery's failure to signal. Cloe testified at trial

that when he approached the vehicle, he noticed that Montgomery's eyes were glassy and that there was a strong odor of alcoholic beverage on his breath. Cloe asked Montgomery where he was coming from, but Montgomery did not answer. When Cloe repeated the question, Montgomery responded that he was coming from "the Beer Garden," where he had consumed three beers.[1] Cloe asked Montgomery to step out of his vehicle and walk to a grassy area away from the lights of oncoming traffic in order to conduct the horizontal gaze nystagmus test (HGN). When Montgomery complied with this request, Cloe noticed that he was walking in a very deliberate, or "heavy-footed," manner.[2] Cloe testified that during the HGN test, he observed six clues indicating intoxication and further observed that Montgomery was slurring his speech and swaying while attempting to stand still. While the administration of the HGN test does not appear on the in-car video footage because Cloe and Montgomery moved outside the viewing range of the camera before conducting the test, Cloe described the test during his testimony at trial and demonstrated the manner in which it was conducted.

After completing the HGN test, Cloe asked Montgomery to perform the walk-and-turn field sobriety test by placing his right foot in front of his left. Montgomery initially placed his left foot in front, rather than his right, and then refused to continue or perform any other field sobriety tests or to provide a breath sample. At that time, Cloe arrested Montgomery for DWI based

---

[1] In addition to Cloe's testimony regarding this exchange, the jury was presented with in-car video footage from Cloe's police vehicle. The video, which is included in the appellate record, is consistent with Cloe's testimony.

[2] When filling out paperwork necessary to revoke Montgomery's license, Cloe marked a box labeled "staggering," to describe Montgomery's behavior. At trial, Cloe clarified that Montgomery had not been staggering, but that it was Department policy to mark the box closest in description to what he observed and there was no place on the form to indicate a "heavy-footed" walk.

on his belief that Montgomery did not have normal use of his mental or physical faculties due to the consumption of alcoholic beverages. *See* Tex. Penal Code Ann. § 49.01(2)(A) (West 2003) (defining "intoxication" as "not having the normal use of mental or physical faculties by reason of the introduction of alcohol . . . into the body").

After Montgomery was arrested, Cloe asked him if the address on his driver's license was current and Montgomery responded, "I am." Cloe then asked Montgomery if he owned the truck he was driving, and Montgomery replied, "Yes, ma'am," before pausing and then saying, "yes, sir." Montgomery was transported to the police station, where he again refused to perform field sobriety tests or to provide a sample of his breath.

After hearing the evidence and the arguments of counsel, the jury found Montgomery guilty of DWI. Montgomery's motion for new trial was overruled and this appeal followed.

## DISCUSSION

In his sole issue on appeal, Montgomery argues that there is factually insufficient evidence to establish the element of intoxication. Evidence can be deemed factually insufficient in two ways: (1) the evidence supporting the conviction is "so weak that the verdict seems clearly wrong and manifestly unjust," or (2) the supporting evidence "is outweighed by the great weight and preponderance of the contrary evidence so as to render the verdict clearly wrong and manifestly unjust." *Grotti v. State*, 273 S.W.3d 273, 283 (Tex. Crim. App. 2008). When conducting a factual sufficiency review, we must defer to the jury's findings. *Laster v. State*, 275 S.W.3d 512, 518 (Tex. Crim. App. 2009). We consider all of the evidence in a neutral light, as opposed to the light most favorable to the verdict, and we may only find the evidence factually insufficient "when

3

necessary to prevent 'manifest injustice.'" *Id.* (quoting *Cain v. State*, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997)).

In the present case, Cloe testified that Montgomery had a strong odor of alcoholic beverages on his breath, glassy eyes, a "heavy-footed" walk, slurred speech, and difficulty standing still without swaying. Cloe further testified that Montgomery failed to respond to questions until they were repeated. The jury was presented with video footage from the traffic stop that was consistent with Cloe's testimony regarding Montgomery's deliberate manner of walking and his difficulty answering questions.[3]

Cloe also testified that the HGN test revealed six clues to indicate intoxication. Montgomery argues that his performance on the HGN test should not be considered for purposes of factual sufficiency because it does not appear on the in-car video. The fact that the HGN test was not conducted in the range of the in-car video camera does not, in and of itself, require an acquittal on the basis of insufficient evidence. [4] *See Irion v. State*, 703 S.W.2d 362, 364 (Tex. App.—Austin 1986, no pet.) (failure to record arrest on video does not render evidence of DWI insufficient). The jury is the exclusive judge of the credibility of witnesses and of the weight to be given their

---

[3] Neither the video footage from the traffic stop nor the video subsequently taken at the police station reflect Montgomery swaying while attempting to stand still. Cloe testified that he observed Montgomery swaying during the HGN test, which was conducted off-camera.

[4] We note also that the HGN test monitors involuntary eye movements, which would be difficult to perceive on video. At best, any video footage of the test would have reflected whether the test was administered properly, but not whether Montgomery exhibited clues of intoxication.

testimony. *Jones v. State*, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996). As such, the jury was free to believe or disbelieve Cloe's testimony regarding Montgomery's performance on the HGN test.[5]

Other evidence of intoxication included Montgomery's admission that he had consumed three beers at "the Beer Garden" that night, his initial misstep in attempting the walk-and-turn test, and the nonsensical answers he provided to certain questions, such as "I am" when asked whether the address on his license was current, or "Yes, m'am," when responding to a male police officer.[6] All of this evidence was reflected on the in-car video footage and played for the jury.

Montgomery argues that his refusal to provide a breath specimen should not be considered for purposes of factual sufficiency because "it is common knowledge that a majority of driving while intoxicated suspects refuse to take the test." Montgomery provides no authority to support this argument. Further, as Montgomery concedes, the legislature has seen fit to provide that evidence of a defendant's refusal to provide a breath specimen is admissible at trial for DWI. *See* Tex. Transp. Code Ann. § 724.061 (West 1999); *see also Bartlett v. State*, 270 S.W.3d 147, 153 n.20

---

[5] Because the jury was free to determine the proper weight to afford Cloe's testimony regarding the results of the HGN test, we decline Montgomery's invitation to take judicial notice of the National Highway Traffic Safety Administration (NHTSA) manual as it pertains to the test. Furthermore, even without the HGN test results, the jury was provided with factually sufficient evidence to support Montgomery's DWI conviction.

[6] Montgomery argues on appeal that these statements should not be considered evidence of intoxication because Cloe made certain "mistakes" of his own in filling out paperwork related to the arrest. However, Montgomery presents no authority to support this argument. Furthermore, a reasonable explanation for Cloe's indication that Montgomery was "staggering" rather than "heavy-footed" was provided to the jury at trial. *See supra* note 2. The other "mistake" cited by Montgomery is the fact that Cloe, while correctly noting on his arrest report that the traffic stop was based on failure to signal a right turn, noted incorrectly on another portion of the form that he had informed Montgomery that the basis for the stop was failure to signal a lane change. We fail to see how this minor discrepancy is relevant to the issue of Montgomery's intoxication. Montgomery does not challenge the validity of the initial traffic stop on appeal.

5

(Tex. Crim. App. 2008) (observing that defendant's failure to submit to breath test is admissible and relevant to show "consciousness of guilt").[7]

Viewing all of the evidence presented at trial in a neutral light, we cannot conclude that the jury's verdict is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Given the applicable standard of review, we overrule Montgomery's issue on appeal.

## CONCLUSION

Because we hold that Montgomery's conviction was supported by factually sufficient evidence, we affirm the judgment of conviction.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Puryear and Henson

Affirmed

Filed:   July 31, 2009

Do Not Publish

---

[7] While Montgomery requests that we take judicial notice of a newspaper article regarding the frequency with which elected officials refuse to provide breath specimens during investigatory detentions for DWI, we decline to do so, as Montgomery has not demonstrated the relevancy of the article to his case.