TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-08-00682-CR






Steven Lloyd Montgomery, Appellant


v.


The State of Texas, Appellee






FROM COUNTY COURT AT LAW NO. 2 OF BELL COUNTY,

NO. 2C07-05922, HONORABLE JOHN MISCHTIAN, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N

 

 A jury found appellant Steven Lloyd Montgomery guilty of driving while intoxicated
(DWI), enhanced by a prior DWI conviction. See Tex. Penal Code Ann. § 49.04 (West 2003),
§ 49.09(a) (West Supp. 2008). The trial court assessed Montgomery's punishment at one
year's confinement, probated for a period of two years' community supervision with 30 days'
confinement as a condition of community supervision, and a $1,000 fine. On appeal, Montgomery
contends that the evidence is factually insufficient to support his conviction. We affirm the
judgment of conviction. 


 BACKGROUND

 Just after midnight on May 17, 2009, in Bell County, Texas, Texas Department of
Public Safety Trooper Shannon Cloe observed Montgomery making a right turn without using a turn
signal. Cloe initiated a traffic stop based on Montgomery's failure to signal. Cloe testified at trial
that when he approached the vehicle, he noticed that Montgomery's eyes were glassy and that there
was a strong odor of alcoholic beverage on his breath. Cloe asked Montgomery where he was
coming from, but Montgomery did not answer. When Cloe repeated the question, Montgomery
responded that he was coming from "the Beer Garden," where he had consumed three beers. (1) Cloe
asked Montgomery to step out of his vehicle and walk to a grassy area away from the lights of
oncoming traffic in order to conduct the horizontal gaze nystagmus test (HGN). When Montgomery
complied with this request, Cloe noticed that he was walking in a very deliberate, or "heavy-footed,"
manner. (2) Cloe testified that during the HGN test, he observed six clues indicating intoxication and
further observed that Montgomery was slurring his speech and swaying while attempting to stand
still. While the administration of the HGN test does not appear on the in-car video footage because
Cloe and Montgomery moved outside the viewing range of the camera before conducting the test,
Cloe described the test during his testimony at trial and demonstrated the manner in which it
was conducted. 

 After completing the HGN test, Cloe asked Montgomery to perform the walk-and-turn field sobriety test by placing his right foot in front of his left. Montgomery initially placed his
left foot in front, rather than his right, and then refused to continue or perform any other field
sobriety tests or to provide a breath sample. At that time, Cloe arrested Montgomery for DWI based
on his belief that Montgomery did not have normal use of his mental or physical faculties due to the
consumption of alcoholic beverages. See Tex. Penal Code Ann. § 49.01(2)(A) (West 2003)
(defining "intoxication" as "not having the normal use of mental or physical faculties by reason of
the introduction of alcohol . . . into the body").

 After Montgomery was arrested, Cloe asked him if the address on his driver's license
was current and Montgomery responded, "I am." Cloe then asked Montgomery if he owned the
truck he was driving, and Montgomery replied, "Yes, ma'am," before pausing and then saying, "yes,
sir." Montgomery was transported to the police station, where he again refused to perform field
sobriety tests or to provide a sample of his breath. 

 After hearing the evidence and the arguments of counsel, the jury found Montgomery
guilty of DWI. Montgomery's motion for new trial was overruled and this appeal followed.


DISCUSSION

 In his sole issue on appeal, Montgomery argues that there is factually insufficient
evidence to establish the element of intoxication. Evidence can be deemed factually insufficient in
two ways: (1) the evidence supporting the conviction is "so weak that the verdict seems clearly
wrong and manifestly unjust," or (2) the supporting evidence "is outweighed by the great weight and
preponderance of the contrary evidence so as to render the verdict clearly wrong and manifestly
unjust." Grotti v. State, 273 S.W.3d 273, 283 (Tex. Crim. App. 2008). When conducting a factual
sufficiency review, we must defer to the jury's findings. Laster v. State, 275 S.W.3d 512, 518
(Tex. Crim. App. 2009). We consider all of the evidence in a neutral light, as opposed to the light
most favorable to the verdict, and we may only find the evidence factually insufficient "when
necessary to prevent 'manifest injustice.'" Id. (quoting Cain v. State, 958 S.W.2d 404, 407
(Tex. Crim. App. 1997)). 

 In the present case, Cloe testified that Montgomery had a strong odor of alcoholic
beverages on his breath, glassy eyes, a "heavy-footed" walk, slurred speech, and difficulty standing
still without swaying. Cloe further testified that Montgomery failed to respond to questions until
they were repeated. The jury was presented with video footage from the traffic stop that was
consistent with Cloe's testimony regarding Montgomery's deliberate manner of walking and his
difficulty answering questions. (3)

 Cloe also testified that the HGN test revealed six clues to indicate intoxication. 
Montgomery argues that his performance on the HGN test should not be considered for purposes of
factual sufficiency because it does not appear on the in-car video. The fact that the HGN test was
not conducted in the range of the in-car video camera does not, in and of itself, require an acquittal
on the basis of insufficient evidence. (4)
 See Irion v. State, 703 S.W.2d 362, 364 (Tex. App.--Austin
1986, no pet.) (failure to record arrest on video does not render evidence of DWI insufficient). The
jury is the exclusive judge of the credibility of witnesses and of the weight to be given their
testimony. Jones v. State, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996). As such, the jury was free
to believe or disbelieve Cloe's testimony regarding Montgomery's performance on the HGN test. (5) 

 Other evidence of intoxication included Montgomery's admission that he had
consumed three beers at "the Beer Garden" that night, his initial misstep in attempting the walk-and-turn test, and the nonsensical answers he provided to certain questions, such as "I am" when asked
whether the address on his license was current, or "Yes, m'am," when responding to a male police
officer. (6) All of this evidence was reflected on the in-car video footage and played for the jury. 

 Montgomery argues that his refusal to provide a breath specimen should not be
considered for purposes of factual sufficiency because "it is common knowledge that a majority of
driving while intoxicated suspects refuse to take the test." Montgomery provides no authority to
support this argument. Further, as Montgomery concedes, the legislature has seen fit to provide that
evidence of a defendant's refusal to provide a breath specimen is admissible at trial for DWI. See
Tex. Transp. Code Ann. § 724.061 (West 1999); see also Bartlett v. State, 270 S.W.3d 147, 153 n.20
(Tex. Crim. App. 2008) (observing that defendant's failure to submit to breath test is admissible and
relevant to show "consciousness of guilt"). (7) 

 Viewing all of the evidence presented at trial in a neutral light, we cannot conclude
that the jury's verdict is so contrary to the overwhelming weight of the evidence as to be clearly
wrong and unjust. Given the applicable standard of review, we overrule Montgomery's issue on
appeal.


CONCLUSION

 Because we hold that Montgomery's conviction was supported by factually sufficient
evidence, we affirm the judgment of conviction.


 

 __________________________________________

 Diane M. Henson, Justice

Before Chief Justice Jones, Justices Puryear and Henson

Affirmed

Filed: July 31, 2009

Do Not Publish
1. In addition to Cloe's testimony regarding this exchange, the jury was presented with in-car
video footage from Cloe's police vehicle. The video, which is included in the appellate record, is
consistent with Cloe's testimony.
2. When filling out paperwork necessary to revoke Montgomery's license, Cloe marked a box
labeled "staggering," to describe Montgomery's behavior. At trial, Cloe clarified that Montgomery
had not been staggering, but that it was Department policy to mark the box closest in description to
what he observed and there was no place on the form to indicate a "heavy-footed" walk.
3. Neither the video footage from the traffic stop nor the video subsequently taken at the
police station reflect Montgomery swaying while attempting to stand still. Cloe testified that he
observed Montgomery swaying during the HGN test, which was conducted off-camera.
4. We note also that the HGN test monitors involuntary eye movements, which would be
difficult to perceive on video. At best, any video footage of the test would have reflected whether
the test was administered properly, but not whether Montgomery exhibited clues of intoxication. 

5. Because the jury was free to determine the proper weight to afford Cloe's testimony
regarding the results of the HGN test, we decline Montgomery's invitation to take judicial notice of
the National Highway Traffic Safety Administration (NHTSA) manual as it pertains to the test. 
Furthermore, even without the HGN test results, the jury was provided with factually sufficient
evidence to support Montgomery's DWI conviction.
6. Montgomery argues on appeal that these statements should not be considered evidence of
intoxication because Cloe made certain "mistakes" of his own in filling out paperwork related to the
arrest. However, Montgomery presents no authority to support this argument. Furthermore, a
reasonable explanation for Cloe's indication that Montgomery was "staggering" rather than "heavy-footed" was provided to the jury at trial. See supra note 2. The other "mistake" cited by
Montgomery is the fact that Cloe, while correctly noting on his arrest report that the traffic stop was
based on failure to signal a right turn, noted incorrectly on another portion of the form that he had
informed Montgomery that the basis for the stop was failure to signal a lane change. We fail to see
how this minor discrepancy is relevant to the issue of Montgomery's intoxication. Montgomery does
not challenge the validity of the initial traffic stop on appeal.
7. While Montgomery requests that we take judicial notice of a newspaper article regarding
the frequency with which elected officials refuse to provide breath specimens during investigatory
detentions for DWI, we decline to do so, as Montgomery has not demonstrated the relevancy of the
article to his case.