COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| CARLTON McMANUS, | § | No. 08-11-00312-CR |
| Appellant, | § | Appeal from the |
| v. | § | County Criminal Court Number Four |
| THE STATE OF TEXAS, | § | of Denton County, Texas |
| Appellee. | § | (TC# CR-2010-05274-D) |
| | § | |

## **O P I N I O N**

Appellant, Carlton McManus, appeals his conviction for driving while intoxicated, contending that it is not supported by sufficient evidence.[1]   We affirm the judgment.

### DISCUSSION

*Standard of Review*

In reviewing the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Brooks v. State*, 323 S.W.3d

---

[1] As this case was transferred from our sister court in Fort Worth, we decide it in accordance with the precedent of that court. TEX. R. APP. P. 41.3.

893, 895 (Tex. Crim. App. 2010); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Such a standard not only gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony and to weigh the evidence accordingly, but it also enables the fact finder to draw reasonable inferences from basic to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778. Indeed, the trier of fact is the sole judge of the weight and credibility of the evidence, *see Brown v. State*, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008), *cert. denied*, 129 S.Ct. 2075, 173 L.Ed.2d 1139 (2009), and therefore we, in performing our sufficiency review, may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact finder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000). Instead, we determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict. *Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). Moreover, we presume that the fact finder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

To prove that a person was driving while intoxicated, the State must prove that the defendant operated a motor vehicle while intoxicated in a public place. TEX. PENAL CODE ANN. § 49.04(a) (West Supp. 2012). "Intoxicated" means not having the normal use of mental faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body or having an alcohol concentration of 0.08 or more. TEX. PENAL CODE ANN. § 49.01(2)(A), (B) (West 2011). A fact finder's conclusion that a person was intoxicated may be based upon evidence of the

defendant's bad driving, unusual actions, sound of speech, appearance, smell of alcohol, and unsteadiness. *See Bagheri v. State*, 329 S.W.3d 23, 27-28 (Tex.App. – San Antonio 2010, pet. ref'd).

Before the trial court was evidence that Officer Justin Shaffer of the Dallas Police Department observed Appellant's failure to signal two lane changes for which Officer Shaffer initiated a traffic stop. Appellant continued driving his vehicle for several blocks without stopping and then pulled into an apartment complex parking lot and attempted to enter the complex through a locked gate without noticing the flashing lights on the patrol car or that the officers were attempting to stop him. When Officer Shaffer and his patrol partner, Officer Stephen McKee, eventually encountered Appellant, Appellant's eyes were bloodshot, his speech was slurred, and an odor of an alcoholic beverage was emanating from his person. Appellant admitted that he had consumed alcohol and the officers found cool-to-the-touch open containers of alcoholic beverages in the center console of Appellant's vehicle. Appellant was uncooperative during most of the DWI investigation. After the officers formally requested a breath or blood specimen and warned Appellant that his refusal could be used against him, Appellant refused to provide any specimens.

Appellant was asked to perform the horizontal gaze nystagmus test but Officer Shaffer was unable to score more than two components, which indicated signs of intoxication, either because Appellant was physically incapable of performing the test or was not cooperating. Appellant demonstrated four of eight clues on the walk-and-turn test but only one clue of intoxication on the one-leg-stand test.

Although a video recording was made, the file containing the recording was corrupted and unavailable as evidence. A recording of Appellant in the "intox" room after his arrest was

3

admitted into evidence.

The trial court was permitted to consider Appellant's refusal to provide a breath or blood specimen as evidence of his guilt. *Standefer v. State*, 59 S.W.3d 177, 183 n.26 (Tex.Crim.App. 2001); TEX. TRANSP. CODE ANN. § 724.061 (West 2011) (evidence of a defendant's refusal to submit to breath or blood testing in a driving-while-intoxicated investigation is admissible at trial); *Finley v. State*, 809 S.W.2d 909, 913 (Tex.App. – Houston [14th Dist.] 1991, pet. ref'd) (fact finder may make proper inference of guilt from refusal to provide specimen). Moreover, the unavailability of a video recording of the DWI investigation does not render the evidence insufficient. *Annis v. State*, 578 S.W.2d 406, 407 (Tex.Crim.App. 1979); *Irion v. State*, 703 S.W.2d 362, 364 (Tex.App. – Austin 1986, no pet.). The testimony of the officer is sufficient to prove elements of intoxication in the absence of a video recording. *Irion*, 703 S.W.2d at 364. The determination that Appellant was intoxicated while driving a motor vehicle is also supported by evidence that Appellant was observed driving a motor vehicle, his failure to signal lane changes and to pull over for officers while driving the vehicle, his refusal to provide specimens for testing, the sound of Appellant's speech, his bloodshot eyes, the standardized clues indicating intoxication, the open containers of alcoholic beverages in Appellant's vehicle, as well as Appellant's admission to officers that he had been drinking.

While recognizing that the low score on tests administered could be weighed in Appellant's favor, they are certainly not conclusive. We presume the fact finder resolved any conflicts in favor of the verdict and defer to that resolution. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778. We find the trial court's inferences to be reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict.

4

*Hooper*, 214 S.W.3d at 16-17.   Appellant's issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.


                                        GUADALUPE RIVERA, Justice

August 7, 2013

Before McClure, C.J., Rivera, and Antcliff, JJ.
Antcliff, J., not participating

(Do Not Publish)