**Affirmed and Memorandum Opinion filed August 4, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-00203-CR

### JAIME LEE GAMEZ, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 268th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 12-DCR-061850**

## MEMORANDUM OPINION

A jury found appellant Jaime Lee Gamez guilty of felony driving while intoxicated (DWI), enhanced by a prior felony DWI, and assessed punishment at fifteen years' confinement. *See* Tex. Penal Code Ann. §§ 12.42(b), 49.04, 49.09(b)(2). In two issues, appellant contends (1) the evidence is legally insufficient, and (2) the trial court erred by denying appellant's motion to suppress. We affirm.

### I. SUFFICIENCY OF THE EVIDENCE

In his first issue, appellant contends the evidence is legally insufficient to prove

he was intoxicated. Appellant argues that because there is no evidence his blood alcohol concentration was 0.08 or more, the "only issue is whether [he] did not have his normal use of his mental or physical faculties due to alcohol." *See* Tex. Penal Code Ann. § 49.01(2) (defining "intoxicated").

"In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt." *Whatley v. State*, 445 S.W.3d 159, 166 (Tex. Crim. App. 2014) (quotation omitted); *see also Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979). In reviewing historical facts that support conflicting inferences, we must presume that the jury resolved any conflicts in the State's favor, and we must defer to that resolution. *Whatley*, 445 S.W.3d at 166. "[A]n inference is a conclusion reached by considering other facts and deducing a logical consequence from them." *Id.* (alteration in original) (quotation omitted).

In a DWI prosecution, generally evidence is sufficient to prove intoxication when the arresting officer opines that a person is intoxicated based on observed cues of intoxication. *See Annis v. State*, 578 S.W.2d 406, 407 (Tex. Crim. App. [Panel Op.] 1979) (sufficient evidence based on arresting officer's opinion testimony); *Kiffe v. State*, 361 S.W.3d 104, 108 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) ("Also, as a general rule, the testimony of an officer that a person is intoxicated provides sufficient evidence to establish the element of intoxication for the offense of DW[I]."); *accord Irion v. State*, 703 S.W.2d 362, 364 (Tex. App.—Austin 1986, no writ); *see also Lovett v. State*, No. 14-12-00556-CR, 2013 WL 3243363, at *3 (Tex. App.—Houston [14th Dist.] June 25, 2013, no pet.) (mem. op., not designated for publication); *Cloud v. State*, No. 14-07-00847-CR, 2008 WL 2520826, at *2 (Tex. App.—Houston [14th Dist.] June

24, 2008, pet. ref'd) (mem. op., not designated for publication).

Here, two police officers stopped appellant because he was driving the wrong way on a freeway. Officer Benny Gonzalez opined that appellant was intoxicated because appellant (1) had a strong odor of alcohol emanating from his person and breath; (2) did not realize he was driving the wrong way on the freeway; (3) was unsteady on his feet and unbalanced; (4) had red, bloodshot eyes; (5) appeared to have urinated on himself, which is common for DWI suspects; and (6) refused field sobriety tests and a blood test. There was also an open bottle of beer on the floorboard of the driver's side of appellant's vehicle. On cross-examination, Gonzalez acknowledged that appellant did not stumble or fall, and it was possible the wet spot on appellant's pants was from a spilled beer rather than urine. Sergeant Marty Morales also testified that he believed appellant was intoxicated, and appellant (1) had slurred speech; (2) was dazed and confused; and (3) urinated on himself. On cross-examination, Morales acknowledged that it was a mistake to not have tested appellant's blood for alcohol.

Appellant cites six cases in which various appellate courts affirmed convictions for DWI,[1] and he attempts to distinguish those cases because there is no evidence that appellant failed field sobriety tests or a breath test, was in an accident or swerved from lane to lane, or staggered while he walked. However, none of those particular facts is required for a rational jury to find beyond a reasonable doubt that a defendant was intoxicated. Reviewing the evidence discussed above and the entire record, a rational jury could have found that appellant was intoxicated. *See, e.g.*, *Jackson v. State*, No. 14-13-00170-CR, — S.W.3d —, 2015 WL 3459521, at *2–3 (Tex. App.—Houston [14th Dist.] May 28, 2015, no pet. h.) (sufficient evidence of intoxication existed when

---

[1] *See Annis*, 578 S.W.2d 406; *Kiffe*, 361 S.W.3d 104; *Hartman v. State*, 198 S.W.3d 829 (Tex. App.—Corpus Christi 2006, pet. struck); *Scott v. State*, 914 S.W.2d 628 (Tex. App.—Texarkana 1995, no pet.); *Martin v. State*, 724 S.W.2d 135 (Tex. App.—Fort Worth 1987, no pet.); *Irion*, 703 S.W.2d 362.

the defendant wore disorderly clothing and had an unsteady gait and stance, incoherent speech, red and glassy eyes, and a combative behavior; the defendant's breath smelled of alcohol; the defendant refused a breath test and field sobriety tests; a fresh alcoholic beverage was found in the vehicle; and a police officer opined that the defendant was intoxicated); *Kiffe*, 361 S.W.3d at 106, 108–09 (sufficient evidence of intoxication existed when an officer opined that the defendant was intoxicated because he observed slurred speech, unstable gait, and pinpointed pupils, and the defendant was swerving in and out of his lane, struck another vehicle, and drove into oncoming traffic; officer did not conduct a field sobriety test or smell alcohol); *see also Lovett*, 2013 WL 3243363, at *3 ("As a general rule, the testimony of a peace officer that a person is intoxicated provides sufficient evidence to establish the element of intoxication."). The evidence is legally sufficient to prove intoxication.

Appellant's first issue is overruled.

## II.     MOTION TO SUPPRESS

In his second issue, appellant contends the trial court abused its discretion by denying appellant's motion to suppress. He contends that the officers "lacked any probable cause to arrest [him] for driving while intoxicated." Appellant appears to be urging that an unlawful arrest occurred when the officers stopped appellant's vehicle, ordered him out at gunpoint, and briefly handcuffed him. Then, the officers uncuffed appellant and began questioning him to investigate a possible DWI. The officers asked appellant to take field sobriety tests several times, and after appellant refused to perform the tests, the officers arrested him for DWI.

However, appellant's counsel concedes that the undisputed facts support appellant being "under arrest at the moment Gonzales drew his gun ***for the offense of driving the wrong way***." *See* Tex. Transp. Code Ann. § 545.063 (operator shall drive on the right roadway of a divided freeway); *id.* § 543.001 (peace officer may arrest

4

person violating the rules of the road). The test for probable cause for a warrantless arrest is "whether at the moment of the arrest the facts and circumstances within the officer's knowledge and of which he had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the arrested person had committed or was committing an offense." *State v. Steelman*, 93 S.W.3d 102, 107 (Tex. Crim. App. 2002) (quotation omitted). Here, the officers observed appellant violating the rules of the road by driving on the wrong side of the freeway. The trial court would not have abused its discretion in concluding that the officers had probable cause to arrest appellant at the beginning of the traffic stop, and so an arrest occurring at that time would have been lawful.[2]

Appellant's second issue is overruled.

### III. CONCLUSION

Having overruled both of appellant's issues, we affirm the trial court's judgment.


/s/      Sharon McCally
         Justice



Panel consists of Justices Boyce, McCally, and Donovan.
Do Not Publish — Tex. R. App. P. 47.2(b).

---

[2] To the extent appellant is complaining about his arrest at the conclusion of the traffic stop, we note that the trial court in fact suppressed all verbal statements obtained after appellant unequivocally refused the field sobriety test for the first time.

Appellant limits his argument on appeal to the issue of probable cause. He does not contend, as trial counsel did, that he was subject to a custodial interrogation without receiving adequate *Miranda* warnings.

5